## GORDON v. MOORE.

(Supreme Court, Appellate Term. May 15, 1908.)

1. PLEADING—ANSWER—DEFENSES—MOTION TO ELECT.
Where a pleading assumes both to answer and demur, a motion to elect is appropriate.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1202.]

2. SAME—MOTION TO STRIKE OUT.
Where a pleading answers in part and demurs in part, a motion to strike out is appropriate.

3. SAME—SURPLUSAGE.
Where defendant's pleading is designated by him as an answer, it is not to be treated as both an answer and demurrer, though some of the alleged defenses are grounds of demurrer only; but the objectionable allegations will be regarded as surplusage.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 76–80.]

4. SAME—WAIVER OF OBJECTIONS.
Under Code Civ. Proc. § 498, providing that grounds of demurrer not appearing on the face of the complaint may be objected to by answer,

and section 499, providing that such objection, if not taken either by demurrer or answer, will be deemed waived, where want of jurisdiction of defendant is not apparent on the face of the complaint, the objection may be taken by answer, and if not so taken will be deemed waived.

Appeal from City Court of New York, Special Term.

Action by Augustus A. Gordon against Albert H. Moore. From an order requiring an election between certain defenses, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

R. W. Keene, for appellant.

J. E. Chandler, for respondent.

GREENBAUM, J. The order appealed from compelled the defendant to elect whether he will stand on the defenses designated in his answer "I" and "II," or on the defenses marked "III," "IV," and "V." Defenses I and II constituted a general denial and a plea of payment, respectively. So-called defenses III, IV, and V, respectively, set up the lack of the court's jurisdiction of the person of the defendant, of the subject of the action, and the failure of the complaint to state facts sufficient to constitute a cause of action. The real ground of the motion, as urged by respondent and as upheld by the learned court below, was that the pleas numbered III, IV, and V were in reality demurrers, and therefore inconsistent with the defenses I and II, for the reason that under our practice "the only pleading on the part of the defendant is either a demurrer or an answer." Section 487, Code Civ. Proc.

It is to be observed that defendant's pleading does not assume both to answer and demur, nor is it one that answers in part and demurs in part. In the former case a motion to elect, and in the latter to strike out, would be appropriate. Nichols' New York Practice, § 928, and cases there cited. The precise question here presented has been passed upon in Barnard v. Morrison, 29 Hun, 410, and Camp v. Bedell, 52 Hun, 63, 5 N. Y. Supp. 63, adversely to respondent's contention. Defendant's pleading, having been designated by him as an answer, is not to be treated as both an answer and demurrer, notwithstanding that some of the alleged defenses were grounds of demurrer only. The objectionable allegations will be regarded as unnecessary or surplusage, which, in the Camp Case, supra, the court intimated might be stricken out upon motion. It is, however, also stated in the same case that the allegation "cannot by any possibility do the plaintiff any harm. The plaintiff's position is in no way changed because of the fact that the answer contains the needless allegation."

The practice as laid down by the appellate courts, and which in recent years has been quite uniformly followed, is to grant motions to strike out irrelevant or redundant matter in a pleading only where it is evident that the moving party otherwise will be aggrieved. Stokes v. Star Co., 69 App. Div. 21, 74 N. Y. Supp. 528; Howard v. Automobile Co. of America, 75 App. Div. 23, 77 N. Y. Supp. 957. It may be noted, too, in the case at bar, that the allegation of want of juris-

diction of the person would be deemed waived, unless pleaded, and, as the question of jurisdiction on that ground is not apparent upon the face of the complaint, it is peculiarly well pleaded in the answer. Sections 498, 499, Code Civ. Proc.; Seamans v. Barentsen, 180 N. Y. 333, at page 336, 73 N. E. 42, at page 43, 105 Am. St. Rep. 759.

The order must be reversed, with $10 costs and disbursements to appellant. All concur.