(Surrogate's Court, Cattaraugus County. August, 1893.)

TRANSFER TAX—UNITED STATES GOVERNMENT BOND.

　　Under Laws 1892, c. 399, imposing a tax on "the transfer of any property" by will, etc., it is not the property, but the right of succession, which is taxed, and therefore a bequest of United States government bonds is taxable.

Proceedings to appraise the estate of Salander Carver, deceased, for taxation, under Laws 1892, c. 399, entitled "An act in relation to taxable transfers of property."

For decision on application to admit decedent's will to probate, see 23 N. Y. Supp. 753.

Henry O. Wait, county treasurer, in pro. per.
C. Z. Lincoln, for the executors and legatees.

DAVIE, S. The testator died February 14, 1893, and his will was admitted to probate on the 15th day of May, 1893. Shortly thereafter an appraiser was appointed, upon the application of the executor, pursuant to the provisions of section 11 of said act, who filed a report of his appraisal August 12, 1893. The testator bequeathed to his widow, in lieu of dower, an annuity of $400 during life; the value thereof, determined in the manner prescribed by said section 11, being the sum of $3,800. None of the other legatees named in said will are among the classes specifically exempted from taxation by the terms of section 2 of said act. It appears from the appraiser's report that the total value of the estate is the sum of $18,772.88. Deducting therefrom the value of the widow's annuity, the debts of the testator, and the expenses of administration, leaves a balance of $13,229.88, all of which, it is claimed by the state, is liable to a tax of five per cent. $2,550 of this balance consists of United States government bonds, which are concededly not liable to taxation for general purposes, and it is claimed on behalf of the legatees that such bonds are not taxable under the statute above referred to. If the theory of that act was to create an additional distinctively property tax, with the property itself as the sole subject of such taxation, it would necessarily follow that United States bonds were exempt from its operation, for the state legislature has no authority to impose the burdens of taxation upon any species of property specifically exempted from taxation by legislative enactment of the general government. But it is urged on behalf of the state that the tax created by this act is not one upon the property itself, but one upon the right or privilege of succession to such property; that there is no absolute inherent right of succession to estates of persons deceased by virtue of being a legatee, heir at law, or next of kin; that such rights are solely legislative creations, and that the enjoyment thereof may be subjected to such conditions, tax, or duty as the legislature creating such right may see fit to impose. In other words, the determination of the question at issue depends entirely upon whether the tax created by this statute is one upon the tangible substance or corpus of the property itself, or upon the intangible right to acquire and hold such property by succession or devolution. I do not understand that this is an open question. In Re Swift, 137 N. Y. 77, 32 N. E. Rep. 1096, this precise question was distinctly at issue and definitely determined. That case arose under the provisions of chapter 483, Laws 1885, as amended by chapter 713, Laws 1887, and Justice Gray, in view of the peculiar phraseology of the statute, providing that "all property which shall pass by will or the intestate laws of this state," etc., "shall be and is hereby subject to a tax," etc., was led to the conclusion, considering the language of the statute in its ordinary sense, that, if the legislature had not actually, in terms, imposed

a tax upon the property itself, it had certainly imposed a tax upon its succession, which was to be a charge upon the property, and operated in effect to diminish the value of the property to the extent of the tax; but his views were not concurred in by the balance of the court, and it was thereupon determined that the tax so imposed was not upon the property, but upon the right of succession under a will, or by devolution in case of intestacy. In re Swift, 137 N. Y. 77-88, 32 N. E. Rep. 1096. See, also, In re Howard, 5 Dem. Sur. 483. The reasoning of Justice Gray in the case cited undoubtedly led the legislature to change the phraseology of the new enactment, (chapter 399, Laws 1892,) not only of the body, but even of the title, of the act. It is no longer designated "An act to tax gifts, legacies, and collateral inheritances in certain cases," but as "An act in relation to taxable transfers of property." The first section of the former statute provided that "all property which shall pass by will," etc., "shall be subject to a tax," etc. The act of 1892 provides that "a tax shall be and is hereby imposed upon the transfer of any property," etc., "by will," etc.; and, while the actual results are the same under the new as under the old statute, viz. a decrease in consequence of the tax imposed of the value of the estate, the legislative intent, as evidenced by the modification in the phraseology, was to impose such tax, not upon the property, but upon the right of transfer. I must accordingly hold that the entire balance of $13,229.88, including, as it does, the United States bonds, is subject to a tax of 5 per cent., making the amount of such tax $661.49, subject, however, to the rebate or discount of 5 per cent. thereof if paid within six months from the death of testator, as provided in section 4 of said act. A decree will be entered accordingly.