EMMA HOFF, Plaintiff, *v.* DAILY GRAPHIC, INCORPORATED, Defendant.

Supreme Court, New York County, June 16, 1928.

Vendor and purchaser — specific performance — action to compel defendant to convey house and lot awarded to plaintiff as winner of " Movie Title Contest "— sufficiency of complaint — contention that promise is void under Statute of Frauds, not properly raised on motion under Rules of Civil Practice, rule 106 — Statute of Frauds apparently satisfied — objection that complaint shows mere conditional award of prize, not sustained — contract not illegal as gambling contract — if specific performance cannot extend to house furnishings, plaintiff may be entitled to money judgment therefor.

This is an action to compel specific performance of an alleged agreement to convey a house and lot, together with the furniture therein. The defendant conducted a contest known as the " Graphic Movie Title Contest." It offered to give to the winner of the contest the house in question, completely furnished. The winner of the contest was to be the person who determined the best titles to pictures published in the defendant's paper. At a public outing the defendant announced that the plaintiff had won the first prize and issued to her a certificate of award certifying to that effect and stating " which award will be paid subject to the approval of the Board of Judges." On the following day the defendant published in its paper an announcement that the plaintiff had won the first prize and that the plaintiff was entitled to the house and lot in question. The objection that the promise to convey does not comply with the Statute of Frauds cannot be urged on a motion under rule 106 of the Rules of Civil Practice, but it must be either pleaded in the answer or supported by affidavit, under rule 107, and, therefore, since this motion was made under rule 106, that objection cannot be considered.

However, it would seem that the publication of the offer in the newspaper, the certificate of award signed by the defendant's authorized agent, and other printed notices may take the case out of the statute.

The objection that there was a mere conditional award, since the award stated that it would be paid subject to the approval of the board of judges, has no force, for it appears that that was a new condition imposed by the defendant and it may, therefore, be treated as surplusage on the question of the sufficiency of the complaint.

The objection that the action is based on an illegal contract, in that the contract constitutes a wagering contract or lottery, is not sustained, for it appears that the element of chance was not the sole element in the contest, but that those who participated were required to exercise their taste and skill and that those elements were the principal elements which determined the winner. The complaint, therefore, is sufficient as against that objection, but the defendant may of course show that the appeal to skill and merit was a cloak to cover an illegal scheme.

It is no objection to the sufficiency of the complaint that it demands specific performance of a contract to convey personal property consisting of the furniture in the house as well as to convey real property. If that part of the contract relating to the furniture cannot be specifically enforced, the court may still retain jurisdiction and provide for a money judgment as to that part of the contract.

ACTION for specific performance.

*Hayes & Uihlein*, for the plaintiff.

*Joseph Schultz*, for the defendant.

LEVY, J. This is a motion to dismiss the complaint under rule 106 of the Rules of Civil Practice. The action is brought against the defendant, a daily newspaper, as a result of a contest instituted by it known as the " Graphic Movie Title Contest." A catalogue containing the rules and regulations of the contest, together with 6,000 titles of plays, was issued to the public at the price of twenty-five cents. These rules were as follows: Every day for seventy-two days the newspaper was to publish a drawing with a coupon attached. Readers were invited to cut out these drawings and coupons and fill in the title of a motion picture play selected from the catalogue list, which in the opinion of the contestant was most appropriate to the drawing. Every person was allowed to suggest five names for each drawing, but each selection was to be on a separate coupon. The best lists were to receive prizes to be awarded in this manner: A committee of impartial judges would consider all the suggested titles and make a list of those most appropriate to the drawings. The lists submitted by the contestants were then to be examined and the person whose set contained the greatest number of appropriate names would receive first prize. In case of a tie the person who had used the smallest number of coupons was to be declared the winner. Any one was eligible to enter the contest except

employees of the newspaper and members of their families.    The prize awards were to be made by the " Movie Title Editor and a committee of competent and impartial judges."    The winner of the first prize was to receive a completely furnished model home at Bergen Manor, Bergenfield, N. J., of the value of $20,000.

The plaintiff took part in the contest, sent in a list of titles and complied with all the rules and regulations.    On October 2, 1927, the defendant conducted a public outing to the model home and there announced that plaintiff had won it as the first prize; and issued to her a certificate of award certifying that she had been awarded " first prize of Graphic Model Home in the New York Evening Graphic Game of Movie Titles, which award will be paid subject to the approval of the Board of Judges."    The award was signed " New York Evening Graphic, by J. N. Schield, Chairman of the Board of Judges."    The next day the defendant published in its paper an announcement that plaintiff " wins model home given by Graphic at Bergen Manor," together with a photograph of the plaintiff and her husband, bearing the title, " Bernarr Macfadden notifying Mr. and Mrs. Leslie D. Hoff that they have been tentatively awarded the Model Home in The Graphic's Movie Title Contest."

Thereafter, the defendant without cause refused to make conveyance of the prize, and plaintiff brings this action for specific performance, or in the alternative, for the published value of the prize.

The first objection to the complaint is that the promise to convey does not comply with the requirements of the Statute of Frauds. This point cannot be urged under rule 106 of the Rules of Civil Practice.    It must either be pleaded in the answer, or supported by affidavit under rule 107 of the Rules of Civil Practice.    In any event, the publication of the offer in the newspaper, the certificate of award, signed by the authorized agent of the defendant, and other printed notices may well take the case out of the statute. But this need not be considered here, because obviously defendant's objection is not properly taken.

The second objection is that the complaint shows a mere conditional award of the prize to the plaintiff.    The provision in the certificate that the award " *will be paid subject to the approval of the Board of Judges,*" and the publication of the announcement that the plaintiff had tentatively won first prize, are both said to indicate that plaintiff has not made out a cause of action for specific performance.    But if we view the complaint most favorably to plaintiff, we must conclude that the statement by the defendant that the award of first prize had been made to plaintiff would

indicate that it had actually been made by the judges; and if there was to be a further approval of the judges before it could be paid, the rules are silent as to this. The statement by the defendant *after* the award imposing a new condition may, therefore, be treated as surplusage.

We come now to the most serious objection to the complaint — the illegality of the contract which plaintiff is endeavoring to enforce. From the pleading itself, it is not generally appropriate to draw the inference of illegality, but this should be set up as a separate defense, unless the fact of illegality unequivocally appears on the face of the complaint. But as the issue will arise again, it may not be amiss to make certain observations regarding it. The contention is made that the contest was a lottery. That it contains an element of chance there is no doubt. But the mere presence of a chance element does not necessarily constitute the contest a lottery. " The test of the character of the game is not whether it contains an element of chance or an element of skill, but which is the dominating element that determines the result of the game." (*People ex rel. Ellison* v. *Lavin,* 179 N. Y. 164, 170.)

The allegations in the complaint clearly indicate the exercise of judgment and taste in the selection of titles both by the contestant and by the judges, and while taste is to a certain extent individual and perhaps at times fanciful, nevertheless the exercise of it is far removed from blind guesswork or chance. As was said in *Scott* v. *Director of Public Prosecutions* (L. R. [1914] 2 K. B. 868, 877): " * * * it appears to me that a decision according to honest taste or fancy is not a decision by chance and nothing else, however justly one may belittle the class or degree of merit." And (at p. 876): " The answers appeal no doubt only to the taste or fancy of the person who is to adjudicate, and there was an element of chance in that sense in the competition, but that does not make the adjudication a mere determination by chance and nothing but chance."

In the instant case the appeal is not only to taste, but to skill, and from the pleading itself it certainly does not appear that the appeal to skill and merit was a mere cloak to cover up the true nature of the scheme. If it was, defendant may endeavor to prove such to be the fact at the trial under the plea of the defense of illegality.

One more objection requires consideration — the impropriety of demanding specific performance for such part of the prize as involves personal property — that is, the furnishings of the model home. A consideration of the very nature of the house, its character as a model home, indicates to a certain extent its uniqueness

and the adaptation of the furnishings to the particular dwelling. Be that as it may, if the trial develops that specific performance may not be granted as to the personal property contained in the house, the court will still retain jurisdiction to substitute monetary compensation.

The motion to dismiss is denied.