In the Matter of the Estate of EDWARD RIEGELMANN, Deceased.

Surrogate's Court, Kings County, May 13, 1942.

*Rosenson & Lorence*, for the executrices.

*Harry M. Peyser* [*Charles H. Sullivan* of counsel], for the State Tax Commission.

*John T. DeGraff*, for the Association of State Civil Service Employees of the State of New York, *amicus curiæ*.

McGarey, S. The question presented for determination is whether the amount of $48,497.47, due to decedent's estate from and by virtue of his membership in the New York State Employees' Retirement System, consisting of the unexpended reserve payable by his direction to his estate under retirement option selected by him in his lifetime, is includable in his gross estate for the computation of the New York State estate tax.

The appraiser has so included it and a *pro forma* order has been entered and an appeal taken thereform.

The determination of this question depends upon the construction of section 249-kk of article 10-C of the Tax Law as enacted by chapter 710 of the Laws of 1930, and the effect thereon, if any, of section 70 of the Civil Service Law, as last amended by chapter 578 of the Laws of 1927.

Prior to 1925 there was no estate tax law, as such, in New York State. In that year the first estate tax law was enacted (Laws of

1925, chap. 320) to enable the State to obtain the benefit of the tax credit given estates by the Federal Estate Tax Law to the extent of eighty per cent of the Federal tax. Prior thereto there were laws providing for either transfer or inheritance taxes in connection with transfers or inheritances incident to death.

Section 70 of the Civil Service Law as originally enacted provided that benefits payable under the New York State Employees' Retirement System were " exempt from any State or municipal tax."

In 1926 the Attorney-General of the State ruled that benefits received by named beneficiaries were exempt under that provision, but not payments to the estates of deceased persons. (35 State Dept. Rep. 586.)

In the following year, at a time when there were in effect laws providing for an estate tax (Tax Law, art. 10-B) as well as for transfer and inheritance taxes, the section was amended by adding the words " including transfer or inheritance tax." (Laws of 1927, chap. 578.)

In 1930 the Legislature enacted article 10-C of the Tax Law, providing for a comprehensive estate tax in place of the prior combination of transfer, inheritance and estate taxes.

As above noted, the first State estate tax was enacted in 1925. It contained section 249-i, which is identical in wording with the present section 249-kk.

It is urged that section 249-kk was not a new enactment in 1930, but a re-enactment of former section 249-i, and that *if* section 70 of the Civil Service Law exempted benefits payable to estates under the provisions of the law governing the New York State Employees' Retirement System, such benefits are not includable in computing the gross estate for estate tax purposes. With this contention the court agrees and so holds, but the premise is false.

The court holds that section 70 of the Civil Service Law does not exempt benefits payable to estates, or benefits in excess of $40,000 payable to individuals under the provisions of law governing the New York State Employees' Retirement System (Civ. Serv. Law, art. 4) from inclusion in computing the gross estate for estate tax purposes. (See *United States Trust Co.* v. *Helvering,* 307 U. S. 57.)

The amendment of section 70 of the Civil Service Law by chapter 578 of the Laws of 1927 refers only to transfer or inheritance tax — it omitted the estate tax. There was then in existence an estate tax law, article 10-B, containing section 249-i, which has been carried forward into and re-enacted by presently applicable section 249-kk of article 10-C.

There is a definite distinction between transfer and inheritance taxes and estate taxes. Transfer and inheritance taxes are imposed upon the transfer of property or the receipt thereof by inheritance. The taxes have differed as to rate and initial exemptions, depending upon the degree of relationship of the transferee or recipient to the decedent. An estate tax is levied upon the estate and the law specifically provides what items should be included in the gross estate for computation of tax, many of which items do not in fact constitute part of the estate or pass under it.

The underlying purpose in the enactment of article 10-C was to substitute one uniform estate tax for the prior troublesome and complicated system of combined transfer and inheritance taxes and estate tax and to make the new system conform as nearly as possible to the Federal estate tax. (See Report of Commission to Investigate Defects in the Laws of Estates, Legis. Doc. [1930] No. 69, p. 195; *Matter of Weiden*, 263 N. Y. 107; *Matter of O'Donnell*, 153 Misc. 480.)

The court has considered the other arguments presented by the appellants and holds them to be irrelevant.

It has not overlooked the opinion of the Attorney-General (Op. Atty.-Gen. [1938], 184), but for the reasons herein stated most respectfully disagrees with it.

Section 200 of the Insurance Law has no reference to the inclusion of benefits payable under the New York State Employees' Retirement System in gross estate assets for estate tax purposes, but applies only to an exemption from taxation of (a) property of retirement systems; (b) salary deductions; (c) pension rights; (d) employees' rights in funds of the system.

The purpose of this section was to maintain the integrity, stability and financial soundness of retirement system funds against possible attack, either directly or indirectly, by taxing authorities acting under compulsion of necessity to find new sources of taxation.

Section 5 of article 16 of the New York State Constitution is not applicable. The purpose of this amendment, adopted in 1938, as disclosed in committee reports and convention debates, was to subject salaries or other compensation, except pensions, of public officials to liability for taxes, particularly income tax. (See N. Y. State Const. Con. [1938] Revised Record, vol. II, pp. 1119, 1120, 1138; vol. III, pp. 2439–2472; vol. IV, p. 3512.)

A pension does not include the unexpended reserve due upon the death of a member of the New York State Employees' Retirement System. A pension presupposes the continued life of the recipient and it is a periodic allowance to an individual generally based upon prior service. (Civ. Serv. Law, § 50, subd. 16, and dictionaries in general use.)

Accordingly the appeal is dismissed.