COLEMAN v BUREAU OF STATE LOTTERY

1. LOTTERIES—CONTRACTS—ENTITLEMENT TO PRIZE.

A lottery winner's entitlement to a prize is governed by the principles of contract law.

2. LOTTERIES—MICHIGAN STATE LOTTERY—IDENTITY OF WINNERS—AWARDS—DETERMINATION OF WINNERS.

The rules governing the Michigan State Lottery "Super Drawing" provide the procedure for determining the identity of the winners and the procedure for awarding the prizes in separate sections; the fact that a person was erroneously announced to be the winner does not create an irrevocable award under one section so as to negate the proper determination that another person was in fact the winner under the other section.

3. LOTTERIES—CONTRACTS—PURCHASE OF TICKET—NEW CONTRACT—MISTAKE.

The only contract existing between a state lottery winner and the lottery bureau is the contract created through the purchase of a lottery ticket; no new contract was created when a party was mistakenly announced to be the winner and, therefore, the award was revocable and the prize was properly awarded to the rightful winner upon discovery of the mistake.

Appeal from Court of Claims, Kenneth G. Prettie, J. Submitted June 22, 1977, at Lansing. (Docket No. 77-215.) Decided August 9, 1977. Leave to appeal applied for.

Complaint by Betty A. Coleman against the Bureau of State Lottery to recover the grand prize awarded in a lottery. Stanley K. Yao was interpleaded as a party plaintiff. Judgment for plaintiff Coleman. The Bureau of State Lottery appeals.

REFERENCES FOR POINTS IN HEADNOTES
[1] 38 Am Jur 2d, Gambling §§ 197, 271, 272.
[2, 3] 38 Am Jur 2d, Gambling §§ 271, 272.

Reversed and remanded for entry of judgment consistent with the opinion.

*Goodman, Eden, Millender & Bedrosian* (by *James A. Tuck* and *Joan Lovell*), for plaintiff Betty A. Coleman.

Stanley K. Yao, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch* and *E. Boomie Mikrut,* Assistants Attorney General, for defendant.

Before: D. F. WALSH, P. J., and QUINN and H. D. STAIR,* JJ.

D. F. WALSH, P. J. This action arose from a mistake made in the "Super Drawing" held by the Michigan Bureau of State Lottery on December 21, 1972. At issue is entitlement to the $200,000 grand prize that the bureau awarded to interpleaded plaintiff-appellee, Stanley K. Yao. The bureau appeals from the judgment of the Court of Claims in favor of plaintiff-appellee, Betty A. Coleman.

At the drawing each of the ten contestants was given a number. Mrs. Coleman's number was nine; Mr. Yao's number was six. Number nine was drawn as the winner of one of the $50,000 prizes and number six was drawn as the winner of the $200,000 prize. The number nine was clearly distinguishable from the number six by the addition of the written words "nine" and "six" on the cards carrying the respective arabic numerals. Nevertheless, because the numbers were not carefully examined when drawn, the announcement of the prize winners was mistakenly reversed. Thus, Mrs.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Coleman was erroneously announced as the $200,-000 winner, while Mr. Yao was incorrectly identified as the $50,000 winner. When the error was discovered, the lottery officials rectified the error and informed both parties. Mrs. Coleman brought suit to recover the $200,000 prize, claiming that it was irrevocably awarded to her when she was announced the winner.

A lottery winner's entitlement to a prize is governed by the principles of contract law. See, *Clark v City of Washington,* 25 US (12 Wheat) 40; 6 L Ed 544 (1827), and 87 ALR2d 661. In the instant case the bureau made a public offer that the purchaser of a lottery ticket would have a chance of winning a prize according to the advertised rules and procedures of the lottery. In purchasing her ticket Mrs. Coleman accepted that offer and agreed to the announced rules for determining prize winners.

Our determination of the issue before us requires construction of the following provisions governing the Super Drawing procedure:

"4. The number contained in the posted envelopes corresponds with the contestant number, i.e., with five contestants, contestant numbers are 1–5 and the numbers in the unopened envelopes are 1–5. *The number in the envelope alongside each prize determines which contestant receives that prize.*

"5. The envelopes alongside the $10,000 prizes are opened first, and the process is repeated until the top prize ($200,000) and the remaining second place prize ($50,000) are undetermined and two contestants remain. *Both contestants come on stage and the envelope alongside the $200,000 prize is opened and the prize awarded. Then the remaining envelope is opened and the last $50,000 prize is awarded.*" Bureau of State Lottery Temporary Rules and Regulations, General Directive No. 2, §§ 4–5, December 18, 1972.

The bureau argues that § 4 of the above directive renders Mr. Yao the grand prize winner because his envelope appeared alongside the $200,000 prize. Mrs. Coleman argues that she is entitled to the $200,000 prize because when she was announced as the winner and given the grand prize check, she was "awarded" the prize pursuant to § 5.

We find that the proper interpretation of these provisions is that § 4 determines the *identity* of the winner, while § 5 determines the procedure for *awarding the prize.* The interpretation contended for by Mrs. Coleman would completely negate § 4. The winner of the lottery, therefore, according to the terms of the lottery contract, was properly determined to be Mr. Yao.

Nevertheless, Mrs. Coleman was *awarded* the prize despite the fact that she was not the winner. The question remains whether that award was revocable upon discovery of the mistake. We hold that it was.

In granting judgment for Mrs. Coleman, the lower court relied upon general principles of contract law pertaining to unilateral mistake and recision. The original contract between Mrs. Coleman and the bureau, however, was clear and unambiguous and there was no mistake as to its terms. The body of contract law relating to unilateral mistake and recision, therefore, is not applicable unless it can be established that a new contract was created between the bureau and Mrs. Coleman as a result of the erroneous award. The trial court relied upon *Hoff v Daily Graphic, Inc,* 132 Misc 597; 230 NYS 360 (1928), in determining that a new contract was created. We find that case to be distinguishable.

In *Hoff* the contest winner was to be determined

by a panel of judges, whereas in the instant case the winner was chosen by lot. The strictly objective procedure in the instant case precludes contention over the winner's identity. The identity of the winner was contested in *Hoff*. Furthermore, *Hoff* involved a defendant who sought to avoid conveying a prize by attempting to impose additional conditions after the announcement of the award. In this case, the bureau did not impose additional conditions but only enforced the previously announced rules for the drawing.

More on point is *Amlie Strand Hardware Co v Moose*, 176 Minn 598; 224 NW 158 (1929). That case involved a winner chosen by an objective method—the counting of votes. After the judges had determined the winner, announced her name and delivered the prize to her, they discovered a mistake in the count. The court allowed the contest officials to recover the prize from the erroneously announced winner and award it to the actual winner on the theory that the original award was made as the result of a mistake.

We conclude that no new contract was created between Mrs. Coleman and the bureau by virtue of the fact that the grand prize was awarded to her by mistake. The only contract that existed was the contract created through the purchase of the lottery ticket. Under the terms of that contract the $200,000 prize was properly awarded to Mr. Yao and the $50,000 prize was properly awarded to Mrs. Coleman.

The trial court is reversed. The case is remanded for entry of judgment consistent with this opinion. No costs are awarded.