Joe VAN GULIK, Appellant,

v.

RESOURCE DEVELOPMENT COUNCIL FOR ALASKA, INC., a non-profit Alaska Corporation; Bruce Cooper and Lonnie McGowan, Appellees.

No. S–520.

Supreme Court of Alaska.

Feb. 15, 1985.

William J. Moran, Anchorage, for appellant.

Allison E. Mendel, Jermain, Dunnagan & Owens, Anchorage, for appellees.

## OPINION

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

PER CURIAM.

Joe Van Gulik appealed from the superior court's partial summary judgments in this matter of a mismanaged lottery. As explained below, we remand this case with the following direction: The superior court shall order Van Gulik to elect *either* to submit to a final drawing between his ticket and Cooper-McGowan's ticket *or* to accept the amount of damages already awarded in accordance with Judge Johnstone's equitable approach. If Van Gulik does not notify the superior court of his choice within thirty (30) days from the date of the superior court's order, then the judgment shall be deemed affirmed.

## I. FACTS

This dispute stems from a lottery sponsored by the Resource Development Council for Alaska, Inc. ("RDC"). According to the RDC, the winner of the $10,000 grand prize would be determined at a drawing at which all tickets would be drawn one at a time. The owner of the last ticket drawn

would win the grand prize. Lesser prizes were to be awarded as the drawing progressed. For instance, the holder of the 100th ticket drawn was to receive $1,000 and the holder of the 200th ticket drawn was to receive $2,000.

Toward the end of the RDC's drawing the respective tickets of Bruce Cooper and Lonnie McGowan were drawn, seemingly simultaneously, from the drawing bin and were announced as the last two tickets. The drawing officials then announced that the respective owners of the two tickets could either split the $10,000 grand prize between them or have their tickets put back in the bin for a further drawing to determine the sole winner of the grand prize.

However, the RDC's drawing officials were mistaken in naming Cooper's and McGowan's tickets as the last two left in the drawing bin. As the sponsor soon learned, one more ticket was left in the bin. That ticket belonged to appellant Van Gulik. The sponsor proposed to have a further drawing from the respective tickets belonging to Cooper, McGowan and Van Gulik.[1] Cooper and McGowan insisted that only their tickets should be eligible for the grand prize. Conversely, Van Gulik has insisted that his ticket was, by definition, the last one left to be drawn and thus the only ticket that could win the grand prize.

Further complicating the problem, the RDC sought to resolve, or sidestep, the situation by immediately holding a second drawing from among all of the tickets sold, including all of those already drawn in the first drawing, to determine the grand prize winner.[2] That second drawing was later deemed invalid; it was ruled not to have replaced the original drawing. Meanwhile, Van Gulik sued the RDC, as did Cooper and McGowan, each asserting a right to the $10,000 grand prize.

The superior court entered partial summary judgments against the RDC in favor of Van Gulik and also in favor of Cooper and McGowan.

## II. THE SUPERIOR COURT'S FINDINGS AND CONCLUSIONS

The superior court found that there was a question of fact as to which ticket, Cooper's or McGowan's, was drawn next-to-last. However, since Cooper and McGowan had stipulated in open court that they had previously agreed to share equally in any prize that might be awarded to either of them, the superior court found that it was "immaterial as to which of them may have been the second-to-last ticket holder."[3]

The superior court also found that Van Gulik's ticket would have been drawn with either Cooper's or McGowan's "had the raffle been conducted properly." The superior court emphasized that the first raffle was never properly completed. The court also found that the RDC's supposedly corrective "second raffle" did not terminate "the rights of those who won or should have won prizes in the first raffle."

The superior court therefore concluded that, as owner of the "sole ticket remaining at the premature conclusion" of the first drawing, Van Gulik was entitled to $5,000 (half of the grand prize). The court expressly rejected his argument that he was entitled to the full prize because his ticket had been the last ticket left in the drawing bin. The superior court reemphasized that it could not know "what would have happened had the raffle been conducted properly" and that "it would simply be unfair to the holder of the next-to-the-last ticket drawn to summarily grant the entire prize to Mr. Van Gulik."

1. There was also a fourth ticket, one that had never been included in the drawing bin. The owner of that ticket was refunded the $100 price of the ticket. His complaint is not a part of this case.

2. The RDC allowed the winners of the $1,000 and $2,000 prizes, drawn in the first drawing, to remain "winners". Disbursement of such prize money was delayed pending this litigation. The superior court concluded that those winners were entitled to their respective winnings.

3. We shall now refer to these ticket owners as Cooper-McGowan, as a single entity.

The superior court thus concluded that Cooper and McGowan were jointly entitled to an award of $5,000 (the other half of the grand prize).

Van Gulik appealed from the superior court's decision to divide the $10,000 between him and Cooper-McGowan.

## III. VAN GULIK'S APPEAL

Van Gulik argues that Judge Johnstone erred in not awarding him the entire amount of the grand prize. He contends that, because his ticket was the last one left to be drawn, he should have been declared the grand prize winner. Van Gulik argues that the measure of his damages should be the value of the grand prize that the sponsor denied him in its alleged breach of the sponsor's contract with Van Gulik. In particular, he contends that the RDC's introduction of the prize-sharing option for the owners of the last two tickets was a unilateral alteration of the set procedures of the drawing. In sum, Van Gulik argues: (1) that the sponsor breached its contract with him, and (2) that Cooper-McGowan acquired no right to any share of the grand prize money.

For the reasons discussed below we reject Van Gulik's second argument. We agree, in general, with Judge Johnstone's equitable approach, but we find that the superior court should order Van Gulik to choose either (1) a further drawing between him and Cooper-McGowan or (2) the damages award already devised by the superior court.

## IV. DISCUSSION

■ A lottery winner's entitlement to a prize should be governed by contract law principles. *Coleman v. State*, 77 Mich. App. 349, 258 N.W.2d 84 (1977). The RDC's failure to properly complete the drawing can be said to have amounted to a breach of RDC's contract with an affected ticket-buyer. However, Van Gulik is incorrect as to the measure of his damages due to the RDC's breach.

■ The Restatement (Second) of Contracts, § 348(3) discusses "Alternatives to Loss in Value of Performance":

If a breach is of a promise conditioned on a fortuitous event and it is uncertain whether the event would have occurred had there been no breach, the injured party may recover damages based on the value of the conditional right at the time of the breach.

We further agree with the reasoning of Comment d to § 348, which explains that:

In the case of a promise conditioned on a fortuitous event, a breach that occurs before the happening of the fortuitous event may make it impossible to determine whether the event would have occurred had there been no breach. It would be unfair to the party in breach to award damages on the assumption that the event would have occurred, but equally unfair to the injured party to deny recovery of damages on the ground of uncertainty. The injured party has, in any case, the remedy of restitution ... Under the rule stated in Subsection (3) *he also has the alternative remedy of damages based on the value of his conditional contract right at the time of breach, or what may be described as the value of his "chance of winning."* The value of that right must itself be proved with reasonable certainty, ... if there is a suitable basis for determining the probability of the occurrence of the event.

Restatement (Second) of Contracts, § 348, Comment d (emphasis added).

■ In this case, as Judge Johnstone stressed, we cannot know what would have happened if the sponsor had properly completed the drawing. The introduction of the prize-sharing option, a common variation in such raffles, did not alter the *odds* of winning or impose new burdens on ticket owners, and was therefore not a *material* alteration of the drawing's procedures. However, given the sponsor's introduction of that option and given its factual mistake in overlooking Van Gulik's ticket, no court could divine whether Van Gulik's or Coo-

per's or McGowan's ticket would have been the last ticket *drawn.*

■ It is indeed "uncertain" whether appellant Van Gulik's ticket would have been the last ticket drawn if the RDC had properly completed the drawing. Thus Van Gulik's damages must be based on the value of his conditional right at the time of the RDC's breach, i.e., when the sponsor overlooked Van Gulik's ticket while announcing the prize-splitting option and incorrectly announcing that Cooper's and McGowan's tickets were the last two drawn. At the time of the RDC's breach Van Gulik's proper "chance of winning" was 50%. If the sponsor had not made its mistakes, either Cooper's or McGowan's ticket would have been drawn and dismissed as a non-winner, thus leaving the other ticket plus Van Gulik's as final contenders for the grand prize. Even with the prize-splitting option, each of the respective owners of the last two tickets had a 50% chance of winning.

Thus the superior court correctly calculated that the value of Van Gulik's conditional right was 50% of the $10,000 grand prize.[4] However, given the sponsor's introduction of the prize-splitting variation, Van Gulik should also be granted that option as well.

Therefore, this case is REMANDED with these directions: The superior court shall order Van Gulik to elect *either* to submit to a final drawing between his ticket and Cooper-McGowan's *or* to accept the amount of damages already awarded in accordance with Judge Johnstone's equitable approach. If Van Gulik does not notify the superior court of his choice within thirty (30) days of the date of the superior court's order, then the judgment shall be deemed AFFIRMED.

BURKE, Justice, dissenting.

I disagree with the majority. I would reverse and direct entry of judgment in favor of Van Gulik.

Assuming, arguendo, that the raffle sponsor was entitled to introduce a prize-splitting option, the event upon which that option became effective never occurred; there was never a time when only two tickets remained in the barrel. The time did come, however, when only one ticket remained. At that point, I think the die was cast, and that Van Gulik was entitled to the $10,000 grand prize.

It made no real difference whether the other tickets were drawn one at a time, as apparently they were supposed to be, or by the handful. On any given draw, the odds on any remaining ticket being drawn were exactly the same. Thus, there is nothing unfair about enforcing the "last ticket" rule, and I see no legitimate reason not to do so. How can Cooper and McGowan complain, if they get *exactly* what they bargained for when they bought their tickets?

---

4. This situation is similar to that posed in Illustration 5 of Restatement §. 348 cited above.