*In re* D'AMICO ESTATE

Docket No. 99232. Submitted December 1, 1987, at Grand Rapids.
   Decided September 7, 1988. Leave to appeal applied for.
   Joseph Lentini and Samuel D'Amico, co-personal representatives
      of the estate of Rose D'Amico, deceased, filed a petition in the
      Probate Court for the County of Kent asking for a redetermina-
      tion of inheritance tax calculated by respondent, Department of
      Treasury. The issue was whether lottery winnings payable to a
      deceased prizewinner's estate are exempt from use as a mea-
      sure in determining state inheritance tax. The probate court,
      Donald J. DeYoung, J., ruled that no tax should be assessed
      against the lottery winnings. Respondent appealed.
      The Court of Appeals *held:*
      Since the inheritance tax is not a tax on the property itself,
      but only a tax on the transfer of such property, inheritance tax
      on the transfer of lottery winnings does not violate the provi-
      sion of the Lottery Act which exempts lottery proceeds from
      taxation. The decedent's right to receive the lottery winnings
      became fully vested upon the state's correct identification of
      her as the winner and her right to the remaining installments
      constituted intangible personal property as of the date of her
      death. As intangible personal property, the right to the dece-
      dent's installment lottery winnings was transferred by dece-
      dent's last will and testament to her beneficiaries and, as such,
      constituted a transfer of property subject to inheritance tax.
      Reversed.
      M. J. SHAMO, J., dissented.

1. TAXATION — INHERITANCE TAX.
   The Michigan inheritance tax is not a tax on property itself, but
   only a tax on the transfer of such property (MCL 205.201 *et
   seq.*; MSA 7.561 *et seq.*).

2. TAXATION — INHERITANCE TAX — LOTTERY WINNINGS.
   Inheritance tax may be imposed upon the transfer of intangible

REFERENCES
Am Jur 2d, Inheritance and Estate Taxes §§ 5, 27 *et seq.*
See the Index to Annotations under Inheritance and Estate Taxes;
   Lotteries.

personal property consisting of the right to a decedent's install-
ment lottery winnings without violating the provision of the
Lottery Act which exempts lottery proceeds from taxation
(MCL 432.34; MSA 18.969[34]).

3. TAXATION — EXEMPTIONS — JUDICIAL CONSTRUCTION.
    Exemption statutes are strictly construed against the exemption
    claimant; the claimant must establish clearly and unambigu-
    ously, beyond doubt or cavil, that the exemption statute could
    admit of no other reasonable construction except that which
    would allow the exemption.

*Mohney, Goodrich & Titta, P.C.* (by *Peter A. Titta*) for petitioners.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Russell E. Prins,* Assistant Attorneys General, for respondent.

Before: WEAVER, P.J., and WAHLS and M. J. SHAMO,* JJ.

WEAVER, P.J. Respondent appeals as of right from a probate court order which held that lottery winnings in the amount of fourteen annual payments of $50,000 each, payable to decedent's estate, were exempt from state inheritance tax. We reverse.

I

During her lifetime, decedent, Rose D'Amico, won the Michigan State Lottery, entitling her to a prize of $1,000,000 payable in twenty annual installments. Before receiving fourteen remaining installments of $50,000 each, however, she died testate on March 13, 1981. Settlement of her last will and testament resulted in assignment of the

---

* Recorder's Court judge, sitting on the Court of Appeals by assign-
ment.

rest, residue, and remainder of her assets, including her right to future installments of the lottery prize, to six named individuals in percentages set forth in an "Agreement to Alter Interest Under Term of Will," filed with the probate court and dated March 31, 1981.

Respondent, Michigan Department of Treasury, determined that the transfer of decedent's interest in future installments, having a discounted value of $299,000 as of the date of death, was subject to Michigan's inheritance tax act, MCL 205.201 *et seq.*; MSA 7.561 *et seq.*[1] The state claimed that the beneficiaries' right to receive decedent's lottery payments constituted a taxable transfer requiring the payment of $13,527.70 in inheritance taxes.

Subsequent to the estate's filing of a petition for redetermination of final inheritance tax liability, in which the estate asserted that the transfer was exempt from inheritance tax, and following pretrial, discovery, and submission of the matter on briefs, the probate court ruled that no tax should be assessed against the lottery winnings. The state appeals as of right.

II

Section 34 of the state Lottery Act, MCL 432.34; MSA 18.969(34), provides:

> No state or local taxes of any kind whatsoever shall be imposed upon the proceeds from a prize awarded by the state lottery.

---

[1] The inheritance tax statute, MCL 205.201 *et seq.*; MSA 7.561 *et seq.*, imposes a tax on a decedent's estate "upon the transfer of any property, real or personal, of the value of $100.00 or over, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations, not exempt by law in this state from taxation . . . (a) When the transfer is by will or by the intestate laws of this state from any person dying seized or possessed of the property while a resident of this state." MCL 205.201(1)(a); MSA 7.561(1)(a).

Section 11 of the Bingo Act, MCL 432.111; MSA 18.969(111), provides:

> State or local taxes of any kind shall not be imposed upon the recipient of a prize, whether merchandise or money, awarded by a licensee during a bingo game, a millionaire party, or a charity game conducted in conformity with this act.

Petitioners contend that a reading of these sections together with § 25 of the Lottery Act,[2] which allows lottery payments to be made to the estate of a deceased prizewinner, is evidence of the Legislature's intent not to impose inheritance tax using lottery proceeds as a measure. Respondent argues that because the Michigan inheritance tax is not a tax on the property itself, but only a tax on the transfer of such property, inheritance tax on the transfer of lottery winnings will not violate the Lottery Act. We are persuaded by respondent's argument.

The issue on appeal, whether lottery winnings payable to a deceased prizewinner's estate are exempt from use as a measure in determining state inheritance tax, is one of first impression in Michigan. Since Michigan's legislative records shed no light on the matter, we turn to general principles of the law relating to legacies.

Although property may be exempt from taxation, an inheritance tax is properly assessable against legacies because inheritance tax is not

---

[2] MCL 432.25; MSA 18.969(25) provides:

> The right of any person to a prize drawn is not assignable, except that payment of any prize drawn may be paid to the estate of a deceased prize winner, to a person pursuant to an appropriate judicial order, or to the state pursuant to section 32. The commissioner shall be discharged of all further liability upon payment of a prize pursuant to this section.

levied on the property itself. See 47 ALR2d 999, 1001. Even in the situation where an exemption from any form of tax by or under state authority is specifically printed on the face of United States bonds, the United States Supreme Court has held that inheritance tax may be imposed on a legacy of such bonds because the inheritance tax is imposed not on the bonds but on the privilege of acquiring property by will or by inheritance. *Plummer v Coler,* 178 US 115, 130-139; 20 S Ct 829; 44 L Ed 998 (1900). See also 55 ALR 867; *In re Carver's Estate,* 4 Misc 592; 25 NYS 991 (1893), aff'd 28 NYS 1126 (1894); *Orr v Gilman,* 183 US 278; 22 S Ct 213; 46 L Ed 196 (1902), affirming *In re Dows' Estate,* 167 NY 227;. 60 NE 439 (1901). Where general tax exemptions on property have not been incorporated into the inheritance tax law, this rule of refusing to exempt transfers of property from the levy of an inheritance tax has also been applied with respect to pensions, annuities and retirement allowances. See, e.g., *United States Trust Co of New York v Helvering,* 307 US 57, 60-61; 59 S Ct 692; 83 L Ed 1104 (1939); *In re Riegelmann's Estate,* 178 Misc 475; 34 NYS2d 904 (1942).

Michigan follows the general rule that the right of the dead to transmit property to the living and the right of the living to receive property from the dead are not inherent rights but merely taxable privileges. *In re Fish's Estate,* 219 Mich 369, 373-374; 189 NW 177 (1922). In view of the similar governmental objectives of raising state revenues when either issuing government bonds or conducting a state lottery, see MCL 432.9; MSA 18.969 (9), application of the above principles to the issue of lottery winnings payable to a deceased prizewinner's estate is plain.

Citing *Coleman v Bureau of State Lottery,* 77

Mich App 349; 258 NW2d 84 (1977), lv den 402 Mich 837 (1977), for the proposition that lottery winnings are governed by the principles of contract law, petitioners extend this rule to interpret § 25 of the Lottery Act, see n 2, *supra,* as meaning that payment of future undelivered proceeds to the heirs of a deceased prizewinner's estate falls outside the purview of inheritance laws. We reject this argument.

*Coleman* did not address the question of distribution upon death, but merely applied the principles of contract law to revoke an award where a party was mistakenly proclaimed to be the winner, no new contract having been created by the blundering announcement. *Coleman, supra* at 351, 353. We fail to see how § 25 could have been intended to exclude the operation of inheritance laws merely because such section recognizes that payment of lottery winnings may pass to a deceased prizewinner's estate in spite of the general edict against assignments.

While specifically precluding assignments, the rules of the Bureau of State Lottery provide for installment payments of lottery winnings into a deceased prizewinner's estate unless otherwise directed by court order. 1979 AC, R 432.17. By her last will and testament decedent directed the division and distribution of the rest, residue, and remainder of her estate including her right to future installments of the lottery prize. Decedent's right to receive the lottery winnings became fully vested upon the state's correct identification of her as the winner, and her right to the remaining installments constituted intangible personal property as of the date of her death. *Coleman, supra;* MCL 205.131; MSA 7.556(1). As intangible personal property, the right to decedent's installment lottery winnings was transferred by decedent's last

will and testament to her beneficiaries and, as such, constituted a transfer of property from the dead to the living. *Fish's Estate, supra.*

We find no conflict between those statutes clearly indicating that state or local taxes shall not be imposed on lottery proceeds and those statutes clearly indicating that an inheritance tax shall be imposed upon the transfer of any property. Because the Michigan inheritance tax is not a tax on the property itself, but is instead a tax on the *transfer* of property, measured by the value of the property so transferred, the inheritance tax may be validly imposed upon the transfer of such property and not violate the provision that lottery proceeds be exempt from taxation. *Fish's Estate, supra;* MCL 205.201; MSA 7.561.

Because exemption statutes are to be strictly construed against the exemption claimant, petitioners were required to establish clearly and unambiguously, beyond doubt or cavil, that the exemption statute could admit of no other reasonable construction except that which would exempt them from paying an inheritance tax measured by the use of decedent's installment lottery winnings. *In re Smith Estate,* 343 Mich 291, 297; 72 NW2d 287 (1955); *American Concrete Institute v State Tax Comm,* 12 Mich App 595, 606-607; 163 NW2d 508 (1968), lv den 381 Mich 782 (1968); *Ladies Literary Club v Grand Rapids,* 409 Mich 748, 753; 298 NW2d 422 (1980); *Town & Country Dodge, Inc v Dep't of Treasury,* 420 Mich 226, 242-243; 362 NW2d 618 (1984). This they have not done. Therefore, we hold that the right to receive such winnings, as intangible personal property payable to decedent's estate, became a taxable privilege subject to the state's inclusion as a measure for imposing inheritance tax upon transfer from dece-

dent to her beneficiaries. The probate court erred when failing to so find.

Reversed.

M. J. SHAMO, J., dissented.