AMANDUS H. CRUSE, Respondent; *v.* ROBERT G. FINDLAY, Appellant.

(Supreme Court, Appellate Term, April, 1896.)

**1. Promise — Statute of Frauds.**

An oral promise to pay for work to be done for another, in reliance upon which such work is performed, is an original agreement, and not within the statute of frauds.

**2. Statute of Frauds — Pleading.**

The Statute of Frauds is not available as a defense on appeal, where it was not pleaded or alluded to on the trial.

**3. Witness — Impeachment.**

A party is not bound by, or precluded from contradicting, the testimony of a witness called by him, where the subject of such testimony is directly at issue in the case.

**4. Trial — Evidence conditionally admitted.**

Where evidence has been admitted on condition that it shall be properly connected, which is not done, the remedy is by motion to strike it out, and where this is not done, the error cannot be availed of on appeal.

APPEAL from a judgment for the plaintiff, rendered by the District Court in the city of New York for the second judicial district.

Action for work, labor and services, and materials furnished.

J. Bradley Tanner, for respondent.

William C. Reddy, for appellant.

BISCHOFF, J. The plaintiff performed certain work upon an experimental device required by one Blanchard, an inventor, and the defendant was sought to be charged with the cost upon his verbal promise to assume the debt.

From the evidence the fact that there was such a promise and that the plaintiff performed the work in reliance upon it appears quite sufficiently, and while there was a conflict of testimony upon the point, the justice was well authorized to credit the plaintiff's version of the transaction.

The fact that the promise was oral does not affect the plaintiff's right to a recovery, since the evidence shows the agreement to have been an original one, and not a collateral assumption of

another's debt. Furthermore, the Statute of Frauds is not available to the defendant since it was neither pleaded in defense nor alluded to upon the trial. Crane v. Powell, 139 N. Y. 379.

There is also sufficient evidence that the work was performed according to the plaintiff's contract, and we cannot say that the preponderance of the proof, upon the conflict of evidence as to its actual terms, is with the defendant.

It is true that Blanchard, called as a witness for the plaintiff, testified to an agreement which was contrary to that shown by the plaintiff's own testimony as to the requirements of performance, but the matter thus in dispute was directly at issue in the case, and, therefore, the plaintiff was not bound by, nor precluded from contradicting, the adverse testimony of his own witness. 29 Am. & Eng. Ency. of Law, 812, and citations.

It is claimed that evidence as to former transactions, or of a nature similar to that in suit, was improperly admitted, but it appears from the record that the admission was conditional upon the evidence being properly connected, and the defendant not only failed afterward to move that it be stricken out, but himself brought out testimony upon the point in explanation of the evidence in question.

We find no prejudice to the appellant in the rulings upon the trial, nor in the final disposition of the case, and the judgment, therefore, should be affirmed, with costs.

DALY, P. J., and McADAM, J., concur.

Judgment affirmed, with costs.