Charles H. Seamans, Respondent, v. Jacob Barentsen, Appellant.

Pleading — When Defect, Although Appearing on Face of Complaint, May Be Raised by Answer. Although it appears upon the face of the complaint that a contract sued upon is void under the Statute of Frauds, the objection need not be taken by demurrer, but is sufficiently raised by an answer expressly pleading the statute and by a motion for judgment on the pleadings at the opening of the trial. (Code Civ. Pro. §§ 488, 498, 499.)

*Seamans* v. *Barentsen*, 78 App. Div. 36, reversed.

(Argued January 17, 1905; decided January 24, 1905.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 5, 1903, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William W. Armstrong* and *Charles F. A. Young* for appellant. The contract alleged as well as the contract proven was within the Statute of Frauds. (*Hartwell* v. *Young*, 67 Hun, 472; *Billington* v. *Cahill*, 51 Hun, 132; *Oddy* v. *James*, 48 N. Y. 685; *Gordon* v. *Nieman*, 118 N. Y. 152; *Sherman* v. *Pedrick*, 35 App. Div. 15; *Wahl* v. *Barnum*, 116 N. Y. 87; *Day* v. *N. Y. C. R. R. Co.*, 51 N. Y. 583; *Brauer* v. *O. S. N. Co.*, 178 N. Y. 339; *Hamer* v. *Sidway*, 124 N. Y. 538; *McGirr* v. *Campbell*, 71 App. Div. 83.) The defense of the Statute of Frauds was not waived by failing to demur, and was well pleaded· by answer. (Code Civ. Pro. §§ 487, 488, 490, 498, 499; *Patterson* v. *Powell*, 31 Misc. Rep. 250; *Brauer* v. *O. S. N. Co.*, 178 N. Y. 339; *Coffin* v. *Reynolds*, 37 N. Y. 640; *Tooker* v. *Arnoux*, 76 N. Y. 397; *Pope* v. *T. H. C. Co.*, 107 N. Y. 61; *Thrall* v. *Cuba Village*, 88 App. Div. 410; *Upton* v. *McLaughlin*, 105 U. S. 645; *Fanger* v. *Caspary*, 87 App. Div. 417; *Bannatyne* v. *F. M. Co.*, 77 Hun, 289.)

*Safford E. North* for respondent. The fact that the contract was verbal, and that it could not by its terms be performed within one year, appeared distinctly by the complaint; hence the defendant could avail himself of the Statute of Frauds only by demurrer. (*Crane* v. *Powell*, 139 N. Y. 379; *Matthews* v. *Matthews*, 154 N. Y. 288; *Parmelee* v. *Haas*, 171 N. Y. 579; *Honsinger* v. *Mulford*, 90 Hun, 589; 157 N. Y. 674.) Answer and demurrer are not interchangeable pleadings. An answer is no more available where the complaint is demurrable than is a demurrer where the complaint

is good. (*Dupuy* v. *Strong*, 3 Keyes, 603; *Zabriskie* v. *Smith*, 13 N. Y. 322; *Sullivan* v. *N. Y. & R. C. Co.*, 119 N. Y. 348.) The contract was not void by the Statute of Frauds. The provision of the statute rendering contracts void unless to be performed within one year applies only to contracts for labor or those of a similar nature; contracts for doing something, not contracts for sales. The latter are governed solely by that portion of the Statute of Frauds providing that in the case of sales of personal property exceeding fifty dollars in value there must be a writing or part payment or delivery. (*Young* v. *Dake*, 5 N. Y. 463.)

CULLEN, Ch. J. Plaintiff declared on an oral contract made in the latter part of March, 1900, whereby the defendant for a term of one year commencing on the first day of April, 1900, agreed to purchase the milk produced on the plaintiff's farm at a specified price, and claimed to recover damages for a breach of said agreement. The defendant answered making a general denial and pleading specially the Statute of Frauds. When the case was brought on for trial the defendant moved for judgment on the pleadings on the ground that the agreement declared upon was void under the Statute of Frauds. The motion was denied and an exception duly taken. When evidence was offered to prove the contract the defendant again objected that a contract not to be performed within a year must be established by written proof. Over defendant's objection and exception the evidence was admitted. The case was submitted to the jury on the disputed questions of fact, and a verdict rendered for the plaintiff. The judgment entered on that verdict was affirmed by the Appellate Division, and an appeal taken from such affirmance to this court.

The judgment below cannot be sustained. The contract on which the plaintiff has recovered was unquestionably void under the Statute of Frauds. Its invalidity not only appeared on the face of the complaint, but was expressly pleaded in the defendant's answer. The motion for judgment on the plead-

ings and the objection to the admission of the plaintiff's testimony sufficiently raised the question of the invalidity of the contract. The learned Appellate Division seems to have affirmed the judgment of the Trial Term on the ground that as the invalidity of the contract appeared on the face of the complaint the defendant's objection to it could be taken by demurrer only, and was waived by the answer. This position is untenable.

Section 488 of the Code of Civil Procedure specifies eight different causes of demurrer. It is entirely clear that the objection to the complaint in this action falls within the eighth clause, to wit: "That the complaint does not state facts sufficient to constitute a cause of action." This the learned counsel for the respondent conceded on the argument. By section 498 of the Code, when any grounds of demurrer do not appear on the face of the complaint, the objection may be taken by answer. By section 499 an objection taken neither by demurrer nor answer is deemed to have been waived, except the objection that the complaint does not state facts sufficient to constitute a cause of action. The objection taken by the appellant at the opening of the trial was, therefore, taken in due time, and his motion for judgment on the pleadings should have been granted, for by pleading the Statute of Frauds in his answer his condition could not be worse than if he had not set it up at all.

The learned court below justified its disposition of the case by our decision in *Crane* v. *Powell* (139 N. Y. 379). There it was held that a complaint not showing whether the contract declared on was oral or written, the Statute of Frauds to be available to defendant must be pleaded. That decision does not touch the point presented by this appeal. There is, however, to be found in the opinion this sentence: "When the defect in the plaintiff's cause of action appears on the face of the complaint, the defense must be interposed by demurrer." "Must" in the opinion should be "may." Whether the text as it appears in the reports is a typographical error, a mistake of the copyist or a slip of the learned judge writing the

opinion, is immaterial. If the last be the fact, it was merely *obiter*, for the point was not in any way involved in the case, and we could not decide away the express provision of the Code.

The judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

GRAY, O'BRIEN, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Judgment reversed, etc.