GOLDBERG v. COHEN et al.

(Supreme Court, Appellate Term.  May 15, 1908.)

1. FRAUDS, STATUTE OF—ORAL AGREEMENTS—RESTATEMENT—EFFECT.

An oral agreement not to be performed within a year is not validated within the statute of frauds by a mere oral restatement of it within the year.

2. SAME—PLEADING.

Where a complaint discloses that the contract sued on is invalid within the statute of frauds, defendant need not plead the statute.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Frauds, Statute of, § 362.]

3. SAME.

An oral agreement not to be performed within a year is invalid under the statute of frauds.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Frauds, Statute of, § 66.]

Appeal from City Court of New York, Trial Term.

Action by Annie Goldberg against David Cohen and another.  From a judgment for plaintiff, defendants appeal.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Maurice B. Blumenthal (Daniel W. Blumenthal, of counsel), for appellants.

Louis B. Brodsky, for respondent.

PER CURIAM.  Plaintiff admitted that defendants had made the contract with her prior to October 15th, and that the substance of her conversation with the defendant Cohen on October 15th was to have a reiteration or ratification of the agreement previously made with her. To entitle plaintiff to recover, it was incumbent upon her to show that a new contract was made on October 15th, and a mere restatement of the contract made before that date would not be sufficient to take it out of the statute of frauds.   Odell v. Webendorfer, 50 App. Div. 579, 581, 64 N. Y. Supp. 451; Berrien v. Southack (City Ct. N. Y.) 7 N. Y. Supp. 324.  It was not necessary in this case for the defendants to plead the statute of frauds, inasmuch as the complaint on its face disclosed a cause of action within the statute.  It expressly alleged that the contract was made on October 15th, and was for one year from that date. Porter v. Wormser, 94 N. Y. 431, 450; Berrien v. Southack (City Ct. N. Y.) 7 N. Y. Supp. 324.  It would seem, therefore, from the admissions of plaintiff that the contract claimed by her was, in fact, made prior to October 15th, and was consequently defeated by the statute of frauds.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.