EDITH MAGEE, Respondent, *v.* HORACE W. FISH, Appellant.

First Department, December 1, 1916.

Fraud — inducing renewal of contract for services by alleged false representation as to renewal of contract — proof not justifying recovery — misrepresentation as to existence of contract void under Statute of Frauds — when Statute of Frauds available although not pleaded — statement of belief as to existence of fact not fraudulent.

Action to recover damages based on the alleged fraud and deceit of the defendant in inducing the plaintiff, a vocalist in a choir, to renew a contract of employment and to refrain from seeking other employment by falsely stating that the church authorities had decided to re-engage her as a singer for the following year. Evidence examined, and *held*, insufficient to show that the defendant made said statement, or that he intended to deceive the plaintiff and that the complaint should have been dismissed.

Moreover, as the alleged oral agreement of the church to employ the plaintiff for the ensuing year would be void under the Statute of Frauds in that it was not to be performed within one year, no action can be based upon alleged false representations as to the oral agreement.

In such action the defense that the contract would be void under the Statute of Frauds is available although not pleaded. As the fact appeared on the face of the complaint, the defense could be taken by demurrer, and hence may also be raised by motion on trial to dismiss the complaint.

The fact that the defendant believed that the church authorities would retain the plaintiff for another year and gave her assurance to that effect, did not amount to fraud and deceit.

APPEAL by the defendant, Horace W. Fish, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the

31st day of March, 1916, upon the verdict of a jury for $950, and also from an order entered in said clerk's office on the 20th day of April, 1916, denying defendant's motion for a new trial made upon the minutes.

*William R. Conklin*, for the appellant.

*Herman J. Witte*, for the respondent.

Laughlin, J.:

This is an action to recover damages for fraud and deceit. The plaintiff is a vocalist and she was employed to sing in the choir of the Fifth Avenue Baptist Church in the city of New York for the period of one year from the 1st of May, 1913, at an annual salary of $950. The contract was in writing and was made by the music committee of the church apparently under delegated authority from the board of trustees. Mr. Spencer was chairman of the music committee and defendant was the secretary. The plaintiff predicates her cause of action on representations alleged to have been made by the defendant on the first Sunday of January, 1914, and on other occasions subsequent thereto with respect to the renewal of her contract for another year beginning on the 1st day of May, 1914. She had been employed by the church the two preceding years under a written contract. She alleges that she had been customarily advised in advance by the defendant as secretary of said committee of the action and determination of the committee with respect to her being re-engaged for the succeeding year, and that on the 1st day of January, 1914, and on numerous other occasions thereafter, " this defendant assured this plaintiff of it having been decided that she was to be re-engaged as contralto and choir member of said Fifth Avenue Baptist Church, beginning May 1st, 1914," and that she was requested by the defendant "not to seek or arrange for the coming year with any other party, parties or church; " that each and every of the statements so made by the defendant was false and was known by him when made to be false, and was made with the intention to deceive the plaintiff, and was " intended to, and did convey to plaintiff, that he, the defendant, had actual knowledge of the matters stated and represented, when the defend-

ant was, at the time conscious that he had no such knowledge, and was then informed and knew of facts and circumstances, sufficient to charge him with knowledge of the falsity thereof, which facts and circumstances were unknown to the plaintiff, and which defendant fraudulently suppressed and concealed from plaintiff;" that said statements and representations were calculated to deceive the plaintiff; that she relied upon them and refrained from seeking other employment; and that her contract was not renewed with the church.

After counsel for the plaintiff opened the case to the jury, counsel for the defendant moved for a dismissal of the complaint on the ground that the action was necessarily predicated on a contract for the plaintiff's employment which was void under the Statute of Frauds, inasmuch as it was a contract for the performance of services for one year from the first day of May, long after the date of the alleged representations, and, therefore, was not to be performed within one year from the making thereof. The motion was denied and at the close of the evidence a motion was made for a direction of a verdict in favor of the defendant on the ground, among others, that the plaintiff had introduced no evidence that the defendant made these statements with intent to deceive the plaintiff. I am of opinion that the court erred in denying the motion to dismiss the complaint. In one view of the testimony of the plaintiff she claims to have understood that the defendant made the contract for the Fifth Avenue church, but manifestly she could not recover on that theory, for if he assumed to make the contract and was, as she claimed, authorized to make it, then the contract was void under the Statute of Frauds, and on that theory there would be no false representations, unless it be an implied representation with respect to his authority, and the contract, if authorized, being void, that would not give rise to a cause of action. If, according to the allegations of the complaint, which are not, I think, supported by the evidence, he represented that the music committee had decided to retain the plaintiff, even then it is difficult to see upon what theory she could recover, for, there being no valid contract, at most it would be a mere representation that the music committee had decided to make the contract; and it is

immaterial whether it had so decided or not, since if it had so decided the determination of the committee would not answer the requirements of the Statute of Frauds and constitute a valid contract. In *Dung* v. *Parker* (52 N. Y. 494), where an agent represented that he had authority from his principal to make a lease and made a parol lease which was void under the Statute of Frauds, it was held that there could be no recovery against the agent for fraud and deceit in representing that he had authority to make the lease, inasmuch as the contract, even if authorized, was void under the Statute of Frauds. It is contended by the learned counsel for the respondent that the Statute of Frauds was not available to the defendant, inasmuch as it was not pleaded. There is no force in that contention for the reason that the action is not to enforce the contract, and moreover it is fairly to be inferred from the allegations of the complaint that there was no contract in writing answering the requirements of the Statute of Frauds, and if there had been there would be no occasion for this action. The most that is alleged on a very liberal construction of the complaint is that the defendant represented that the music committee had decided to retain the plaintiff, but it is perfectly plain that such action on the part of the committee, if it had been taken, would not answer the requirements of the Statute of Frauds. On this point the case is analogous to an action on a contract shown by the allegations of the complaint to be void under the Statute of Frauds, and in such case it is well settled that it is not necessary to plead the Statute of Frauds and that the question may be raised by demurrer. (*Seamans* v. *Barentsen*, 180 N. Y. 333; *Fanger* v. *Caspary*, 87 App. Div. 417.) Since the question could be raised by demurrer it could also be raised by a motion on the trial to dismiss the complaint.

Aside, however, from any question with respect to the sufficiency of the complaint, the evidence does not support the cause of action attempted to be alleged. There is no evidence that false representation was made by the defendant with respect to her re-engagement by the church or that he intended to deceive the plaintiff. It is evident that he was desirous of having the plaintiff remain in the choir of the Fifth Avenue

church if the contemplated merger with Calvary Church did not go through, and that he was desirous also of having her retained if it did.  There is not even a scintilla of evidence to show that he represented to the plaintiff that the committee had met and taken formal, final action to retain her services. In the view of the evidence most favorable to the plaintiff the defendant believed the plaintiff would be retained, and he gave her assurances to that effect, and he expected that when the committee met the contract with her would be authorized, but there is not a word of testimony to the effect that he represented that the committee had met and taken action with respect to renewing the contracts.  It follows, therefore, that the judgment and order should be reversed, with costs, and that the complaint should be dismissed, with costs.

CLARKE, P. J., and DOWLING, J., concurred; SMITH and DAVIS, JJ., concurred on the ground last stated.

Judgment reversed, with costs, and complaint dismissed, with costs.