THE FIRST NATIONAL BANK OF GENOA, Respondent, *v.* AMERICAN SURETY COMPANY OF NEW YORK, Appellant, Impleaded with HARRY F. JOHNSON, Defendant.

Fourth Department, November 10, 1933.

*Storke, Seward & Elder [William S. Elder, Jr., of counsel], for the appellant.*

*Richard C. S. Drummond,* for the respondent.

CROSBY, J. Defendant Johnson was an officer in the plaintiff bank. A bond for the faithful performance of his duties was given by Johnson, as principal, and by defendant, appellant, as surety. Johnson embezzled money from the bank. The bank is now suing Johnson and the surety company on the bond, and this is an appeal by the surety company from an order denying a motion to dismiss the complaint.

The bond provides that notice of loss shall be delivered by plaintiff to surety company " within ten days after * * * discovery;" that an itemized claim shall be delivered " within three months after * * * discovery;" and that suit shall not be brought sooner than two months " nor after the expiration of twelve months after the delivery of such statement of claim."

The complaint alleges that the theft was not " discovered by the plaintiff until November 12, 1929;" that " within ten days after such discovery notice of the loss * * * was delivered by the plaintiff to the defendant American Surety Company;" that " within three months after such discovery the plaintiff * * * delivered to said defendant " the itemized claim, and " that more than two months elapsed after such claim was so presented, * * * but that twelve months since the delivery of such claim * * * have not expired prior to the commencement of this action."

Thus it is seen the complaint precisely alleges that everything was done just as required by the bond. But a computation will show that if " within three months after * * * discovery [of loss] the plaintiff * * * delivered to said defendant " an itemized claim, then the itemized statement must have been served not later than February 12, 1930, and if the action is to be brought before twelve months have expired " since the delivery of such claim," it must be brought on or before February 12, 1931. The

complaint says that was done. But the summons itself is dated April 1, 1931.

This being the situation, appellant moved to dismiss the complaint. It moved under subdivision 5 of rule 106 of the Rules of Civil Practice. There is no question about that, for it says so itself in its brief. Another reason why we know it moved under rule 106 instead of rule 107, is that the latter rule makes no provision for moving to dismiss a complaint on the ground " That the complaint does not state facts sufficient to constitute a cause of action." The first four grounds for the motion to dismiss a complaint are the same under rule 106 as they are under rule 107. But from there on they are different. And there is this decided difference in the two rules in that, if you move under rule 106 you move on the complaint itself: " Where it appears *on the face thereof*" (that a cause of action is not stated, etc.). If you move under rule 107 you move on the " complaint and *affidavit* stating facts tending to show " (Subd. 6) that (the Statute of Limitations has run) or (Subd. 7) (that defendant holds a release, etc.), in other words, that, although the complaint states a cause of action, defendant has such a perfect defense thereto that he ought not to be put to the trouble and expense of a trial.

So we come to the question whether the complaint states a cause of action. We think that it does, in spite of the fact that there is read into the complaint, as a part thereof, all the things of which the court takes judicial notice. (*City of Buffalo* v. *N. Y. C. R. R. Co.*, 125 Misc. 801, 804; *Walsh* v. *Trustees of New York & Brooklyn Bridge*, 96 N. Y. 427, 438.) The summons, in this action, is the process of the court. Let it be conceded that we take judicial notice of it, and of its date, and read it into the complaint. At the worst we then have inconsistent allegations in the complaint — one that the action was commenced in due time, the other that it was not. The remedy for that is not a motion to dismiss. But let us go further. Suppose the complaint clearly and consistently alleged a cause of action which, to all appearances, was barred by the Statute of Limitations. Is not that a good cause of action? It takes an affirmative defense to defeat it. Formerly that meant a trial. Now it merely calls for a motion, but the motion has to be made under rule 107.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON and CROSBY, JJ.

Order affirmed, with ten dollars costs and disbursements.