FRANCIS J. PICCIONE, Plaintiff, *v.* WALTER SCHULTZ, Defendant.

Supreme Court, Special Term, Queens County, September 13, 1950.

*Thomas L. Driscoll, Jr.,* for defendant.

*Engels & Froehlich* for plaintiff.

HALLINAN, J. Defendant moves to dismiss the complaint for failure to state facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 106, subd. 5), contending that it appears on the face of the complaint that the Statute of Frauds (Real Property Law, § 259) is a bar to the action.

The merits of defendant's objection may not be reached by a motion under rule 106 of the Rules of Civil Practice. The Statute of Frauds, like the Statute of Limitations, bars the remedy, not the right. (*Bayles* v. *Strong,* 104 App. Div. 153, affd. 185 N. Y. 582.) The plaintiff is under no obligation to allege compliance with the Statute of Frauds (*Bell* v. *Kavy,* 43 N. Y. S. 2d 934), and a failure on the part of the defendant to raise the statute in the manner prescribed will constitute a waiver thereof (*Matthews* v. *Matthews,* 154 N. Y. 288; *Wikiosco, Inc.* v. *Proller,* 276 App. Div. 239, 240–241).

With respect to the defense of the Statute of Limitations, which does not differ in principle from the defense of the Statute of Frauds, it has been said: " Suppose the complaint clearly and consistently alleged a cause of action which, to all appearances, was barred by the Statute of Limitations. Is not that a good cause of action? It takes an affirmative defense to defeat it. Formerly that meant a trial. Now it merely calls for a motion, but the motion has to be made under rule 107." (*First Nat. Bank of Genoa* v. *American Sur. Co.,* 239 App. Div. 282, 284; and see, also, *Citrone* v. *Palladino,* 77 N. Y. S. 2d 489, 491.)

It is true that decisions under the Code of Civil Procedure permitted the objection of the Statute of Frauds to be raised by demurrer under the provision " That the complaint does not state facts sufficient to constitute a cause of action " when the objection appeared upon the face of the complaint. (Code Civ. Pro., § 488, subd. 8; *Seamens* v. *Barentsen,* 180 N. Y. 333, 336.) Such being the case, and since it has been often said that sub-

division 5 of rule 106 of the Rules of Civil Practice is a substitute for the demurrer (e.g., *Lipkind* v. *Ward,* 256 App. Div. 74, 75), it has been held that the objection of the Statute of Frauds may be raised under that rule. (*Wikiosco, Inc.* v. *Proller,* 276 App. Div. 239, 240–241, *supra.*) There is abundant authority, however, to the effect that such an objection may not be raised under rule 106. (*Bell* v. *Kavy, supra; Hoffman* v. *Mittlemann,* 147 Misc. 442; *Hoff* v. *Daily Graphic,* 132 Misc. 597; Tenth Annual Report of N. Y. Judicial Council, 1944, p. 318; 3 Carmody on New York Practice, § 1054, p. 2291.)

It should be noted with respect to the demurrer provisions under the Code of Civil Procedure that there was no specific provision (such as that now contained in subdivision 8 of rule 107 of the Rules of Civil Practice) for raising an objection that a contract was unenforcible under the Statute of Frauds. Consequently, that objection, if it was to be raised by demurrer, had to be raised under subdivision 8 of section 488 of the Code. That is not so under the Rules of Civil Practice which specify the objections which may be raised under rule 106 and those which may be raised under rule 107, specifically providing, under subdivision 8 of the latter rule, for the objection of the Statute of Frauds. Even as to them, however, some question had arisen whether the objections contained in subdivisions 5 through 9 of rule 107 could be taken under that rule when the defect appeared on the face of the complaint. Consequently, rule 107 was amended in 1944, upon the recommendation of the Judicial Council, expressly to provide that '' A motion specifying an objection set forth in subdivisions 5, 6, 7, 8 or 9 may be made under this rule whether or not the defect appears on the face of the complaint.'' That recommendation was made because:

'' The objections enumerated in subdivisions 5 through 9 of Rule 107 appear only in Rule 107. When these objections *do not appear* on the face of the complaint, there is no doubt as to the propriety of raising such an objection on a motion under Rule 107. It is only when these objections do appear on the face of the complaint that a problem arises. A motion will not lie under Rule 106 because only such objections can be raised under Rule 106 as are specifically enumerated therein. The question then arises whether the motion can be made under Rule 107 in view of the language in the title thereof.

'' The true distinguishing feature between Rule 106 and Rule 107 is not whether the alleged defect appears or fails to appear on the face of the complaint but that under Rule 106 the defendant moves for judgment on the *complaint alone* while under

Rule 107 the defendant moves for judgment on the complaint *and* affidavit.'' (Tenth Annual Report of N. Y. Judicial Council, 1944, pp. 318-319.)

At least since the time of that amendment, then, it can be said that the intention has been to restrict the raising of objections contained in subdivisions 5 through 9 of rule 107 either by motion under that rule on the complaint and affidavit or by answer. Furthermore, to limit a defendant seeking to raise, for example, the objection of the Statute of Frauds to a motion under rule 107 is eminently fair since, on such a motion, a plaintiff may submit affidavits tending to obviate the objection (as, for example, by showing part performance) while affidavits are not permitted on a motion under rule 106. (See 3 Carmody on New York Practice, § 1054, p. 2291, note 84.) The question is not whether in a given case a plaintiff could possibly produce facts tending to obviate the objection, but whether he should not in every case at least be given the opportunity of doing so. This court believes that such an opportunity should be available to him.

The motion is, accordingly, denied with leave to the defendant to move on the complaint and affidavit under rule 107 of the Rules of Civil Practice or to serve an answer alleging therein the same facts as a defense, either course to be taken within ten days after service of a copy of the order to be entered hereon with notice of entry.

Submit order.