■ DONALD L. REICH, Respondent, v ARMAND KNOPF et al., Individually and Doing Business as K I B ASSOCIATES Co., Appellants, et al., Defendants. —In an action, *inter alia,* for specific performance of an oral contract to sell an interest in real estate, the defendants Knopf, Ivanhoe and Buckner, individually and doing business as K I B Associates Co., appeal from (1) an order of the Supreme Court, Nassau County, dated June 6, 1978, which denied their motion for summary judgment, and (2) a further order of the same court, dated July 13, 1978, which denied their motion for leave to amend their answer to include the affirmative defense of the Statute of Frauds. Order dated June 6, 1978 affirmed, without costs or disbursements. Order dated July 13, 1978 reversed, without costs or disbursements, and motion to amend granted. Appellants' time to serve an amended answer is extended until 20 days after entry of the order to be made hereon. Plaintiff sues to enforce an alleged oral agreement by which appellants were to convey a 25% interest in a parcel of real property in return for which plaintiff would agree to remain in their employ. Upon his examination before trial, plaintiff admitted that there was no writing embodying the terms of the alleged oral agreement. After the examination before trial, appellants moved for summary judgment on the ground that the agreement

was not evidenced by a writing. They failed, however, to specifically plead the Statute of Frauds defense in their answer. The court denied the motion for summary judgment, stating that appellants had waived the Statute of Frauds defense by failing to raise it in their answer. Appellants then moved for leave to amend their answer to include the defense. That motion was denied on the theory that Special Term had ruled on such a request when it denied the motion for summary judgment. Appellants now appeal from both orders. The motion for summary judgment was properly denied. Appellants failed to plead the affirmative defense of the Statute of Frauds. Such a failure operates as a waiver of the defense, unless and until the answer is amended to include it (see *Crane v Powell,* 139 NY 379). Since it appears from the record before us that appellants did not include in their papers on the motion for summary judgment an application to amend their answer, the court was correct in disposing of the motion in the light of the pleadings as they then existed (cf. *O'Connell & Assoc. v Thompson-Starrett Constr. Co.,* 28 AD2d 984). However, the court should have granted the motion to amend the answer. There is no evidence in the record on appeal of any prior application to amend the pleadings and thus, on the record before us, we must conclude that the court at Special Term was not constrained by the doctrine of the law of the case. In any event, CPLR 3025 (subd [b]) provides that leave to amend should be freely granted. Only if the opposing party can show that he is prejudiced by the amendment will the motion be denied. Here, no such prejudice has been shown. Accordingly, even if an application to amend the answer had been made at the time appellants moved for summary judgment (and it appears that such an application may have been made in a memorandum of law *not* included in the record on appeal) it is the opinion of this court that any denial of such application would have been an abuse of discretion. Suozzi, J. P., Gulotta, Shapiro and Margett, JJ., concur.