Sᴇʀɢᴇ Rᴀᴏᴜʟ et al., Appellants, v Oʟᴅᴇ Vɪʟʟᴀɢᴇ Hᴀʟʟ, Iɴᴄ., et al., Respondents.

Second Department, July 7, 1980

### APPEARANCES OF COUNSEL

*James V. De Marco* for appellants.

*Blauman & McCabe, P. C.,* c/o *Siff & Newman, P. C. (Benjamin Vinar, Louis G. Adolfsen* and *Terrence M. McCabe* of counsel), for Abby Towers, Ltd., and another, and for Olde Village Hall, Inc., and another, respondents (separate briefs filed).

### OPINION OF THE COURT

DAMIANI, J. P.

■ The issue presented is whether the Statute of Frauds may be interposed for the first time on appeal where the allegations of the complaint reveal upon their face that the action is based upon an oral contract within the purview of the statute. Despite some old cases to the contrary, it is our view that under the present practice statute the defendants' failure to affirmatively raise the defense of the Statute of Frauds by motion to dismiss or by answer resulted in a waiver.

In this case the owner of certain improved real property, The Olde Village Hall, Inc. (hereinafter Village Hall), negotiated with the plaintiffs, Serge and Guy Raoul, for the sale of the property. In February, 1979 the lawyer for Village Hall sent the Raouls an unsigned contract of sale covering the premises for a purchase price of $60,000. A down payment of $6,000 was due upon the signing of the contract and was to be held in escrow by the attorney for the seller until the closing. The balance of $54,000 was due upon delivery of the deed. The plaintiffs signed this contract and returned it to the lawyer for Village Hall with their check for $6,000. He deposited the check in his special account.

Village Hall had leased a portion of the premises to defendant Jarg Luncheonette, Inc. (hereinafter Jarg). The lease to Jarg contained an option to purchase the property upon the same terms as any bona fide offer. The contract of sale was signed and returned by the Raouls. Before it was executed by

Sal Sutera, the president of Village Hall, the contract was amended by adding the words: "This contract is subject to the present tenants' option to purchase the premises, which said option expires on April 1, 1979." Sutera signed the amended contract and returned it to the Raouls.

Jarg exercised its option and Village Hall then entered into a contract for the sale of the property to it upon the same terms as had been offered to the Raouls. Thereafter, Village Hall returned the Raouls' deposit.

In April, 1979 the Raouls commenced this action against Village Hall and Sal Sutera by service of a summons and complaint seeking specific performance and damages for breach of contract and annexing thereto the contract as it had been amended and signed by those defendants. Basically this complaint alleged that Jarg's option to purchase had not been validly exercised and that accordingly, those defendants had wrongfully failed to perform. The answer of the defendants Village Hall and Sutera denied the material allegations of this first complaint and asserted as a defense that Sutera acted solely as an officer of Village Hall and had no interest in the property.

On May 3, 1979 Jarg assigned its rights under the contract of sale it had negotiated with Village Hall to a corporation known as Abby Towers, Ltd. The assignee was subsequently added as a party. Its answer also denied the material allegations of the first complaint and asserted as defenses that its assignor, Jarg, had validly exercised its purchase option and that oral testimony concerning both plaintiffs' and defendant Jarg's contracts of sale and the lease between Village Hall and Jarg was inadmissible to vary the intent of the parties as expressed in those documents. Abby Towers' answer also included a cross claim against Village Hall for specific performance of the contract of sale made by the latter with its assignor.

On or about July 18, 1979 plaintiffs served an amended complaint upon Village Hall, Sutera, Abby Towers and Jarg. Abby Towers initially rejected service of this amended complaint but on August 13, 1979, in open court, plaintiffs were granted leave to serve and file the amended complaint *nunc pro tunc* as of the date it was initially served. This amended complaint was substantially different than its predecessor. Unlike the prior complaint, it did not rely upon the plaintiffs' contract as amended and signed by Sutera on behalf of Village

Hall. Rather, the amended complaint and exhibits annexed thereto appear to claim that the parties entered into negotiations as a result of which the attorney for the vendor sent a covering letter to plaintiffs' attorney stating that he had assured his client that "the sale is firm" and enclosing copies of a written contract embodying the terms orally agreed upon in the negotiations. Plaintiffs signed the written contract and returned it to the attorney for Village Hall with their check for the down payment which the attorney deposited in his special account. Thus construed, the amended complaint was founded upon either an oral contract reached in negotiations or upon written memoranda signed by Village Hall's attorney as its agent. The plaintiffs' first cause of action sought specific performance from Village Hall and Sutera. The second cause of action sought damages against those defendants for their refusal to perform. The third cause of action alleged that Jarg had affirmatively declared that it wished neither to renew its lease nor to purchase the property. However, after negotiating the contract with plaintiffs, Village Hall and Jarg conspired with others unknown to plaintiffs to defeat the plaintiffs' rights. This was allegedly accomplished when Jarg exercised its purchase option, entered into a contract of sale with Village Hall and then assigned that contract to Abby Towers. The fourth cause of action alleged that Abby Towers and Jarg wrongfully induced Village Hall and Sutera to breach the contract with plaintiffs. Finally, the fifth cause of action alleged that the named defendants and others unknown to plaintiffs conspired to wrongfully deny plaintiffs their rights under the initial contract of sale.

Village Hall and Sutera did not answer the amended complaint. The amended answer of Abby Towers and Jarg denied the material allegations of plaintiffs' second complaint and asserted essentially the same two defenses and cross claim as raised in the answer which Abby Towers had served to plaintiffs' initial complaint.

Defendants Abby Towers and Jarg did not move to dismiss the amended complaint pursuant to CPLR 3211 and their amended answer did not assert the defense of the Statute of Frauds with respect to the contract upon which plaintiffs relied in their amended complaint. Those defendants did, however, move for summary judgment in their favor and Special Term granted that motion by awarding specific performance on the cross claim and dismissing plaintiffs' complaint,

stating in relevant part: "A review of the documentary evidence submitted clearly indicates that JARG Luncheonette had a valid and binding option to purchase the premises and that that option was exercised in accordance with the terms contained in JARG's lease with Olde Village. The valid exercise of that option preempted any rights of plaintiffs to purchase the building. The Court can discern no legal impediment to the assignment of purchase rights by JARG to Abby Towers, regardless of motive, and none of the events recited in the pleadings and submissions support a cause of action for conspiracy. None of the claims of the moving defendant are refuted on behalf of plaintiffs by a person with knowledge of the facts, nor could they be given the documentary evidence submitted."

 It is apparent from the foregoing that Special Term's dismissal of plaintiffs' first two causes of action seeking either specific performance or damages for breach of a contract to sell the property was predicated upon the notion that such contract was subject to Jarg's option to purchase, which option was validly exercised. This was error. The version of the contract upon which the amended complaint was based contained no clause making it subject to Jarg's option to purchase and, accordingly, the plaintiffs' right of recovery under those two causes of action, if any, cannot be affected by the existence and exercise of Jarg's option.

On this appeal the defendants Jarg and Abby Towers contend for the first time that recovery upon the contract on which the amended complaint is predicated is barred by the Statute of Frauds. There is no question that the initial contract sent by the attorney for Village Hall to plaintiffs was not signed on the former's behalf. Similarly, there is no showing that the attorney was authorized in writing to act as the agent for Village Hall in consummating the sale of the real property. Under these circumstances, the Statute of Frauds could have been successfully asserted by Village Hall as a defense to plaintiffs' action (see General Obligations Law, § 5-703, subd 2). As the assignee of a subsequent contract vendee of the property, Abby Towers succeeded to the interest of Village Hall and Jarg therein and it had the right to interpose the Statute of Frauds as a defense to plaintiffs' suit on the prior contract of sale (see *Brought v Howard,* 30 Ariz 522, 532-533; *Collins v Lackey,* 31 Okla 776, 781-782; *Gibson v*

*Stalnaker,* 87 W Va 710, 716-717; 73 Am Jur 2d, Statute of Frauds, § 577; 37 CJS, Frauds, Statute of, § 220, subd d).

The CPLR provides that at any time before the service of a responsive pleading is required, a party may move for judgment dismissing one or more causes of action asserted against him on the ground that the cause of action may not be maintained because of the Statute of Frauds (CPLR 3211, subd [a], par 5). CPLR 3211 (subd [e]) unequivocally provides, in relevant part, that "[a]ny objection or defense based upon a ground set forth in [paragraph] * * * five * * * of subdivision (a) is *waived* unless raised either by such motion [to dismiss] or in the responsive pleading" (emphasis added). Abby Towers and Jarg did not move to dismiss plaintiffs' amended complaint under CPLR 3211 (subd [a], par 5) and did not assert the defense of the Statute of Frauds in their amended answer. It has often been held that the Statute of Frauds may not be raised for the first time on appeal *(Bommer v American Spiral Spring Butt Hinge Mfg. Co.,* 81 NY 468, 470; *Grampp v De Peyster,* 80 Hun 134, 135-136; *Cruse v Findlay,* 16 Misc 576, 577; Note, 49 LRA [NS] 29-30; Ann 1917B LRA 1071). In apparent contradiction to the foregoing, one treatise has cited the cases of *Magee v Fish* (175 App Div 125), *Goldberg v Cohen* (110 NYS 185), *Brookfield Constr. Co. v Cordley* (173 NYS 824) and *Small v Weissberg* (7 Misc 2d 492) as standing for the proposition that "if the complaint shows on its face that the contract sued upon is within the statute, then *apparently* it is not necessary for the defendant to plead the statute as a defense" (56 NY Jur, Statute of Frauds, § 356, p 480; emphasis added; see, also, *Dearing v McKinnon Dash & Hardware Co.,* 33 App Div 31, affd on other grounds 165 NY 78, 90-91).

The rule that objection may be taken at any time where it appears on the face of a complaint that the contract upon which the suit is based is subject to the Statute of Frauds had its genesis in a line of cases which permitted the defense of the Statute of Frauds to be interposed by demurrer. At common law a demurrer admitted the truth of the facts stated in the opposing pleading but claimed that those facts were insufficient to state a cause of action (Shipman, Common-Law Pleading [3d ed], § 8; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:24, p 30). CPLR 3211 (subd [e]) permits the claim that a pleading fails to state a cause of action to be asserted at any time and at least

one case has permitted a defendant to raise a question as to the insufficiency of a complaint for the first time on appeal so as to support an affirmance *(Johannes v City of New York,* 257 App Div 197, 199, 202, affd 281 NY 825). Accordingly, we must now determine whether the *Magee, Goldberg, Brookfield Constr. Co., Small* and *Dearing* cases *(supra)* are still viable so as to permit the defendants Jarg and Abby Towers to object to the sufficiency of the amended complaint for the first time on this appeal. In our opinion those cases were based upon a construction of the effect of the Statute of Frauds which is no longer recognized and have, in any event, long been overruled by changes in the statutes governing pleading.

At this juncture a short review of the history of the validity of oral contracts for the sale of real property and the effect of the Statute of Frauds thereon is in order. At common law, oral contracts for the sale of real property were valid (25 RCL, Statute of Frauds, § 132; 77 Am Jur 2d, Vendor and Purchaser, §§ 4, 5; 6A Powell, Real Property, § 879; 2 Corbin, Contracts, §§ 275, 396; 3 Williston, Contracts [3d ed], § 448; Simpson, Contracts [2d ed], § 65) and an action at law would lie to recover damages for breach of such an oral contract *(Commonwealth v Mirandi,* 243 Ky 823, 826; *McPherson v Fargo,* 10 SD 611, 616; *Allen v Beal,* 10 Ky [3 AK Marsh] 554, 13 Am Dec 203; *McKennon v Winn,* 1 Okla 327, 333; *Ewing v Tees,* 1 Binn 450, 455 [Pa]). It has been said, however, that even before the enactment of the Statute of Frauds, courts of equity would not decree specific performance of an oral contract to sell real property unless there had been a part performance *(Marquis of Normanby v Duke of Devonshire,* 2 Fr Chy 216, 22 Eng Rep 1169, and cases cited in 1 Sugden, Vendors & Purchasers of Estates [14th ed], 230, n [p], and accompanying text; cf. Restatement, Contracts, § 197; 2 Warvelle, Vendor & Purchaser [2d ed], §§ 764-768).

The Statute of Frauds was enacted in 1677 and provided in relevant part that "no action shall be brought * * * upon any contract or sale of lands, tenements, or hereditaments, or any interest in or concerning them * * * Unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized" (29 Car II, ch 3, § 4; see 2 Corbin, Contracts, § 396; Simpson, Contracts [2d ed], p 132). Whether the Statute of Frauds was also the law in the Colony of New

York is a disputed question, but it appears to have been honored in New York during the colonial and revolutionary period as a matter of custom and usage (see *Beers v Hotchkiss,* 256 NY 41). In 1787 the Legislature passed an act for the prevention of frauds which paralleled the English statute and provided in relevant part that "no action shall be brought whereby * * * to charge any person * * * upon any contract or sale of lands, tenements or hereditaments, or any interest in or concerning them * * * unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized" (L 1787, ch 44, codified in 1 Rev Laws [Van Ness & Woodworth, 1813], ch XLIV, § XI, p 75). In 1829 the statute was revised to read: "Every contract * * * for the sale of any lands, or any interest in lands, shall be *void,* unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party, by whom the * * * sale is to be made" (2 Rev Stat [1st ed], part II, ch VII, tit I, § 8; emphasis added). The present form of our real property Statute of Frauds stems from this enactment (see General Obligations Law, § 5-703, subd 2; Real Property Law, former § 259).

The first reported New York case concerning demurrer to a complaint based on a contract subject to the Statute of Frauds was *Cozine v Graham* (2 Paige Ch 177) which was decided in 1830, shortly after the statute was revised to provide that oral contracts for the sale of land were "void", and at a time when the statute was generally construed to mean that oral contracts within the statute were absolutely invalid (see, e.g., *King v Brown,* 2 Hill 485, 486-487; *Pitkin v Long Is. R. R. Co.,* 2 Barb Ch 221, 231-232; *Day v New York Cent. R. R. Co.,* 31 Barb 548, 554-556; *Broadwell v Getman,* 2 Denio 87; *Vaupell v Woodward,* 2 Sandf Ch 143, 145). The *Cozine* case *(supra)* stood for the quite logical proposition that a pleading which showed on its face that it was based upon a void contract failed to state a cause of action and was therefore demurrable (see, also, *Vaupell v Woodward, supra).* In the case of *Porter v Wormser* (94 NY 431, 450) the issue was reviewed for the first time by the Court of Appeals and the *Cozine* and *Vaupell* cases *(supra)* were followed (see, also, *Hamer v Sidway,* 124 NY 538, 548; *Wells v Monihan,* 129 NY 161, 164).

In 1893 the Court of Appeals decided *Crane v Powell* (139

NY 379), wherein it concluded that the Statute of Frauds was a defense which had to be raised either by demurrer or answer. The court there held (pp 388-389):

"The Statute of Frauds is a shield which a party may use or not for his protection just as he may use the Statute of Limitations, the statute against usury, that against betting and gaming, and others that might be mentioned. I take it to be a general rule of universal application that the statutes last mentioned are not available to a party unless specifically pleaded, and there is no reason for making the Statute of Frauds an exception to the rule.

"The present system of procedure is founded upon the idea that litigants should, when possible, know in advance the precise questions they must meet at the trial. When a contract is set out in the complaint as the cause of action, and the defendant intends to assail it on some special or statutory ground, the general spirit of the system is not complied with unless notice is given of this intention to the opposing party by the pleadings.

"In the solution of this question the provisions of the Code should not be overlooked. The statute may be used as a defense to actions on certain agreements. A defense must now be presented, either by demurrer or answer. (Code [Civ Pro], § 487.)

"When the defect in the plaintiff's cause of action appears on the face of the complaint, the defense must be interposed by demurrer. (§ 488.) When the complaint does not, as in this case, disclose an invalid agreement upon its face, but it is, in fact, invalid for some reason, the defendant must take the objection by answer (§ 498), and if the objection is not taken in either way, the defendant is deemed to have waived it. (§ 499.) The conclusion is thus reached that the defendant waived the benefit of the statute in this case by omitting to plead it."

In *Matthews v Matthews* (154 NY 288, 291 [1897]) the court relied upon the holding in *Crane v Powell (supra)* that the defense was waived if not raised by demurrer or answer to conclude that "the Statute of Frauds does not make an oral contract within its terms illegal, but only *voidable* at the election of the party sought to be charged" (emphasis added). With this holding the court struck down the logical support for the origin of the rule established some 67 years before in *Cozine v Graham* (2 Paige Ch 177, *supra)* to the effect that a complaint which showed on its face that it sought recovery on

an oral contract subject to the Statute of Frauds failed to state a cause of action and was demurrable because at that time it was generally held that the statute rendered such contracts absolutely void. Thus, despite the express wording of subdivision 2 of section 5-703 of the General Obligations Law that such oral contracts are "void", the courts of this State have construed the statute to be merely a rule of evidence *(Hutchins v Van Vechten,* 140 NY 115, 120) which, like the construction of the English statute, bars only the remedy and does not make the contract absolutely void (4 Kent, Commentaries on American Law [14th ed], p 451, n 1; Simpson, Contracts [2d ed], § 91, n 68; 3 Williston, Contracts [3d ed], § 531, n 3). For more than 80 years it has been held that the effect of the statute is procedural not substantive. As the Court of Appeals said in *Rubin v Irving Trust Co.* (305 NY 288, 304): "[T]his court has time and again spoken of Statutes of Frauds which declare contracts 'void' as enunciating a rule of evidence or establishing a mode of proof. (See *Argus Co. v. Mayor of City of Albany,* 55 N. Y. 495, 501; *Crane v. Powell,* 139 N. Y. 379, 384-385, *supra; 300 West End Ave. Corp. v. Warner,* 250 N. Y. 221, 226, 228; and see *Wikiosco, Inc. v. Proller,* 276 App. Div. 239, 240.) And we have said that such statutes do not render contracts 'illegal or a mere nullity'. *(McKenna v. Meehan,* 248 N. Y. 206, 212; see, also, *Matthews v. Matthews,* 154 N. Y. 288.)"

Since an oral contract within the statute is not absolutely invalid but is only voidable and unenforceable at the election of the party to be charged or his successors in interest, it follows that the election of the party entitled to invoke the statute as a defense must be manifested in some affirmative way in the trial court in accordance with established procedure (56 NY Jur, Statute of Frauds, § 355). A complaint based, on its face, upon an oral contract for the sale of land states a valid cause of action subject to being defeated by a proper interposition of the defense of the statute (see Simpson, Contracts [2d ed], § 91; 2 Corbin, Contracts, § 317). If the defense is not timely raised it is waived and the plaintiff may at least sue to recover damages for breach of the oral contract.[1]

---

1. We do not find it necessary at this time to decide whether the common-law rule against specific enforcement of oral land contracts absent a part performance *(Marquis of Normanby v Duke of Devonshire,* 2 Fr Chy 216, 22 Eng Rep 1169) is still viable. Apparently that rule was premised upon the notion that the possession given the vendee which was essential to the required part performance was the equivalent of livery of seisin (Costigan, The Date and Authorship of the Statute of Frauds, 26

Notwithstanding the fact that the Court of Appeals in *Matthews v Matthews* (154 NY 288, *supra)* had held that oral contracts subject to the Statute of Frauds were voidable and not void, the Appellate Division, Fourth Department, in the case of *Dearing v McKinnon Dash & Hardware Co.* (33 App Div 31, 41, *supra),* decided that a complaint which showed on its face that it was based upon such an oral contract was subject to demurrer or motion to dismiss made at any stage of the proceedings, stating in relevant part:

"Although it was for some time a mooted question in this State, it seems now to be pretty well settled that the party seeking to avail himself of the Statute of Frauds as a defense must plead it, unless it appears upon the face of the complaint that the contract sued upon was within the statute *(Porter v. Wormser,* 94 N. Y. 450; *Hamer v. Sidway,* 124 id. 538; *Wells v. Monihan,* 129 id. 161; *Crane v. Powell,* 139 id. 379), and this, it is conceded, the defendants have failed to do. Nevertheless we are of the opinion that the defendants have not deprived themselves of the right to assert that the plaintiff cannot maintain his action for the reason that the instrument upon which he bases the same is violative of the Statute of Frauds.

"This instrument, it is to be observed, is incorporated into and made a part of the complaint, and whatever defects it possesses are consequently apparent upon the face of that pleading. It follows, therefore, that if the instrument is for any reason *invalid,* the complaint is defective for the reason that it does not state facts sufficient to constitute a cause of action; and this is an objection which may be raised at any stage of the proceedings. (Code Civ. Proc. § 499; *Coffin v. Reynolds,* 37 N. Y. 640.)

"It is true that in the case of *Crane v. Powell (supra)* it was said that 'When the defect in the plaintiff's cause of action appears on the face of the complaint the defense must be interposed by demurrer;' but in that case the complaint did not disclose an agreement which was invalid upon its face,

Harv L Rev 329, 344). Livery of seisin having been abolished as a mode of conveyance in this State, it appears questionable as to whether such a part performance should still be required where the Statute of Frauds has been waived. Professor Simpson implied that it was not required but cited no case (Simpson, Contracts [2d ed], § 91, n 56). Should defendants not seek or should they be denied leave to amend their answers to assert the defense of the statute, and should plaintiffs prove the making of an oral contract or the authority of the attorney for Village Hall to act as its agent in consummating the sale, only then will the issue be ripe for determination.

and consequently the question now under consideration was not in the case, and the language above quoted must, we think, be regarded as *obiter.*" (Emphasis added; to a similar effect see *Seamans v Barentsen,* 180 NY 333; cf. *Leggett v Campbell,* 96 NYS 639; *Daniels v Rogers,* 108 App Div 338.)

In *Goldberg v Cohen* (110 NYS 185, *supra*) it was held that it was not necessary for the defendants "to plead the statute of frauds, inasmuch as the complaint on its face disclosed a cause of action within the statute." In *Brookfield Constr. Co. v Cordley* (173 NYS 824, 825, *supra*) Special Term granted summary judgment dismissing a counterclaim which disclosed that it was based upon a contract within the statute, "and hence was void," despite the fact that the defense had not been interposed in the plaintiff's reply to the counterclaim. In *Magee v Fish* (175 App Div 125, *supra*) the plaintiff moved at trial to dismiss a complaint upon the ground that it was "void" under the Statute of Frauds. The Appellate Division, First Department, held that Trial Term had properly dismissed the complaint for failure to state a cause of action, which objection could then, as now, be raised at any time (former Code Civ Pro, § 499; CPLR 3211, subd [e]). In *Small v Weissberg* (7 Misc 2d 492, 494, *supra*) the court dismissed a complaint which on its face disclosed an action within the Statute of Frauds despite the fact that the defense had not been asserted by answer, simply citing *Goldberg v Cohen (supra).* These four cases and *Dearing v McKinnon Dash & Hardware Co. (supra)* are the authority for the proposition that the Statute of Frauds may be raised at any time where the complaint shows on its face that it is based on an oral contract within the statute. They all rest upon the long overruled notion that such contracts are void rather than voidable.

In the case of *Piccione v Schultz* (198 Misc 876, 877-879) a former Associate Justice of this court, JAMES T. HALLINAN, then sitting in Special Term, dealt with this issue and decisively held that a motion to dismiss for failure to state a cause of action could no longer be addressed to a pleading which, upon its face, was based upon an oral contract within the Statute of Frauds, stating:

"Defendant moves to dismiss the complaint for failure to state facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 106, subd. 5), contending that it appears on the

face of the complaint that the Statute of Frauds (Real Property Law, § 259) is a bar to the action.

"The merits of defendant's objection may not be reached by a motion under rule 106 of the Rules of Civil Practice. The Statute of Frauds, like the Statute of Limitations, bars the remedy, not the right. *(Bayles v. Strong,* 104 App. Div. 153, affd. 185 N.Y. 582.) The plaintiff is under no obligation to allege compliance with the Statute of Frauds *(Bell v. Kavy,* 43 N.Y.S. 2d 934), and a failure on the part of the defendant to raise the statute in the manner prescribed will constitute a waiver thereof *(Matthews v. Matthews,* 154 N.Y. 288; *Wikiosco, Inc. v. Proller,* 276 App. Div. 239, 240-241).

"With respect to the defense of the Statute of Limitations, which does not differ in principle from the defense of the Statute of Frauds, it has been said: 'Suppose the complaint clearly and consistently alleged a cause of action which, to all appearances, was barred by the Statute of Limitations. Is not that a good cause of action? It takes an affirmative defense to defeat it. Formerly that meant a trial. Now it merely calls for a motion, but the motion has to be made under rule 107.' *(First Nat. Bank of Genoa v. American Sur. Co.,* 239 App. Div. 282, 284; and see, also, *Citrone v. Palladino,* 77 N.Y.S. 2d 489, 491.)

"It is true that decisions under the Code of Civil Procedure permitted the objection of the Statute of Frauds to be raised by demurrer under the provision 'That the complaint does not state facts sufficient to constitute a cause of action' when the objection appeared upon the face of the complaint. (Code Civ. Pro., § 488, subd. 8; *Seamans v. Barensten,* 180 N.Y. 333, 336.) Such being the case, and since it has been often said that subdivision 5 of rule 106 of the Rules of Civil Practice is a substitute for the demurrer (e.g., *Lipkind v. Ward,* 256 App. Div. 74, 75), it has been held that the objection of the Statute of Frauds may be raised under that rule. *(Wikiosco, Inc. v. Proller,* 276 App. Div. 239, 240-241, *supra.)* There is abundant authority, however, to the effect that such an objection may not be raised under rule 106. *(Bell v. Kavy, supra; Hoffman v. Mittlemann,* 147 Misc. 442; *Hoff v. Daily Graphic,* 132 Misc. 597; Tenth Annual Report of N.Y. Judicial Council, 1944, p. 318; 3 Carmody on New York Practice, § 1054, p. 2291.)

"It should be noted with respect to the demurrer provisions under the Code of Civil Procedure that there was no specific provision (such as that now contained in subdivision 8 of rule

107 of the Rules of Civil Practice) for raising an objection that a contract was unenforcible under the Statute of Frauds. Consequently, that objection, if it was to be raised by demurrer, had to be raised under subdivision 8 of section 488 of the Code. That is not so under the Rules of Civil Practice which specify the objections which may be raised under rule 106 and those which may be raised under rule 107, specifically providing, under subdivision 8 of the latter rule, for the objection of the Statute of Frauds. Even as to them, however, some question had arisen whether the objections contained in subdivisions 5 through 9 of rule 107 could be taken under that rule when the defect appeared on the face of the complaint. Consequently, rule 107 was amended in 1944, upon the recommendation of the Judicial Council, expressly to prove that 'A motion specifying an objection set forth in subdivisions 5, 6, 7, 8 or 9 may be made under this rule whether or not the defect appears on the face of the complaint.' That recommendation was made because:

" 'The objections enumerated in subdivisions 5 through 9 of Rule 107 appear only in Rule 107. When these objections *do not appear* on the face of the complaint, there is no doubt as to the propriety of raising such an objection on a motion under Rule 107. It is only when these objections do appear on the face of the complaint that a problem arises. A motion will not lie under Rule 106 because only such objections can be raised under Rule 106 as are specifically enumerated therein. The question then arises whether the motion can be made under Rule 107 in view of the language in the title thereof.

" 'The true distinguishing feature between Rule 106 and Rule 107 is not whether the alleged defect appears or fails to appear on the face of the complaint but that under Rule 106 the defendant moves for judgment on the *complaint alone* while under Rule 107 the defendant moves for judgment on the complaint *and* affidavit.' (Tenth Annual Report of N. Y. Judicial Council, 1944, pp. 318-319.)

"At least since the time of that amendment, then, it can be said that the intention has been to restrict the raising of objections contained in subdivisions 5 through 9 of rule 107 either by motion under that rule on the complaint and affidavit or by answer." (See, also, *Feinsod v Berkowitz,* 108 NYS2d 802, 803-804.)

When the initial draft of the CPLR was proposed in 1957, the first preliminary report of the Advisory Committee on

Practice and Procedure contained a supporting study which cited *Piccione v Schultz (supra)* with approval for the proposition that complaints based upon oral contracts within the Statute of Frauds were legally sufficient, subject to being defeated by interposition of the defense (First Preliminary Report of the Advisory Committee on Practice and Procedure, 1957, p 417, n 72, and accompanying text). The Advisory Committee report noted (p 87) that the waiver provision now contained in CPLR 3211 (subd [e]) "does not change existing law. Affirmative defenses presently may not be proved unless pleaded."

The prior confusion upon this topic was engendered by the technical complexities of common-law and code pleading (see, e.g., Manner of Pleading Statute of Frauds as Defense, Ann. 158 ALR 89). A major purpose of the adoption of the CPLR was to simplify pleadings and motions addressed thereto. The Legislature could have worded CPLR 3211 (subd [e]) to permit a party to raise the defense of the Statute of Frauds at any time or in a subsequent pleading in the same way as objections to the court's subject matter jurisdiction, to the sufficiency of a pleading or to proceeding in the absence of a person who should be a party may be raised (CPLR 3211, subd [a], pars 2, 7, 10). It did not do so.

█ We conclude therefore that CPLR 3211 (subd [e]) means what it says and that where a party has failed to assert it by motion to dismiss or in a responsive pleading, the defense of the Statute of Frauds has been waived and may not be asserted thereafter on appeal. The remedy of defendants Jarg and Abby Towers is to move at Special Term to amend their answer to include such defense (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:57, p 61; C3211:62, p 66; *Reich v Knopf,* 65 AD2d 618, 619).

In the absence of the proper interposition of the defense of the Statute of Frauds, the plaintiffs' amended complaint sets forth an oral contract to purchase the property and the amended answer denies the making of such a contract. The amended answer's denial of the contract is quite consistent with an intention to put in issue simply the fact of whether any agreement was ever entered into, either oral or written (see *Matthews v Matthews,* 154 NY 288, 292, *supra).*[2] In our

---

2. In New York the Statute of Frauds may not be raised under a general denial or a specific denial of the making of the contract (see Ann. 158 ALR 89, 91, 118-122, 131, and New York cases therein cited).

opinion the record presents a question of fact as to whether plaintiffs and Village Hall had reached a meeting of the minds at the time the draft contract was sent to plaintiffs by Village Hall's attorney and accordingly, summary judgment should have been denied as to the first two causes of action. The remaining three causes of action were, in our opinion, properly dismissed.

Accordingly, the judgment appealed from should be modified by striking the second, third and fourth decretal paragraphs thereof and by adding a provision granting Abby Towers summary judgment as to the third, fourth and fifth causes of action and denying it summary judgment as to the first two causes of action.

GULOTTA, MARGETT and WEINSTEIN, JJ., concur.

Appeal from an order of the Supreme Court, Rockland County, entered September 4, 1979, dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248).

Judgment of the same court, entered September 13, 1979, modified, on the law, by deleting the second, third and fourth decretal paragraphs thereof and substituting therefor a provision granting defendant Abby Towers, Ltd., summary judgment as to the third, fourth and fifth causes of action and otherwise denying its motion for summary judgment. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The order entered September 4, 1979 is modified accordingly, the provision of the order denying as moot Abby Towers' motion for a protective order is vacated and the action is remitted to Special Term for a determination of the motion for a protective order on the merits.